## Pusey *versus* City of Allegheny.

1. Under the provisions of Article XVI. section 8 of the Constitution of Pennsylvania corporations vested with the right of eminent domain are made liable to all consequential damages resulting to private property from the construction, use or alteration of their works, ways or other improvements.

2. Where a municipality causes its streets to be opened it is bound to give compensation, not only to those whose property is actually taken for the construction of the streets but also to those whose property is injured or destroyed by the opening thereof.

3. Where a property owner through whose land a street has been run is injured, both by reason of the taking of part of his land for the construction of the street and also by reason of the cutting and grading thereof, he must, in proceedings to recover damages, submit his whole claim to the viewers and the court. If he neglects to submit any part thereof he will be deemed to have waived his right to recover that part, and no second process can be had for its recovery.

4. *Semble*, that where the grading occurs as a separate act of the public authorities and so long after the opening of the street that the assessment of the damages at the time of the appropriation cannot include those resulting from the grading, the latter may by ascertained by a second view.

5. The Supreme Court will not, on error to a judgment in an appeal under the Act of June 13th 1874 (Pamph. L. 283), from the report of viewers appointed to assess damages resulting from the opening and grading of a street, take notice of the fact that such grading was done subsequently to the filing of the report appealed from, where nothing to that effect appears on the record.

[Pusey v. City of Allegheny.]

October 11th 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

ERROR to the Court of Common Pleas No. 2, of *Allegheny county:* Of October and November Term 1881, No. 263.

Feigned issue, between Mrs. Jane Pusey, widow of William B. Pusey, deceased, plaintiff, and the city of Allegheny, defendant, to determine the right of the plaintiff to damages for property taken and injured by said city in the opening, grading and construction of Charles street.   The issue was founded upon a record certified from the Court of Quarter Sessions of Allegheny county, which showed the following facts :

On March 12th 1874, the councils of the city of Allegheny enacted an ordinance authorizing the opening of Charles street. This street, as located and opened pursuant to said ordinance, passed through the plaintiff's land a distance of nearly half a mile.   To the final report of the viewers to assess damages, filed September 11th 1875, William B. Pusey and Jane, his wife, in her right, filed exceptions and demanded a trial by jury ; and on October 9th 1875, the record was ordered to be certified to the Court of Common Pleas No. 2, for that purpose.   Afterwards, on motion of the city solicitor, a rule was granted to show cause why this order should not be vacated, which was made absolute. The Supreme Court, however, on certiorari, reversed the decree of vacation, reinstated the former order of October 9th 1875, and awarded a procedendo to the Common Pleas.   (See Pusey's Appeal, 2 Norris 67).

The record was accordingly certified to the Common Pleas. In the order of the Common Pleas framing the issue, the plaintiffs were directed to file a narr. averring their damages.   The narr. filed in pursuance of this direction claimed damages not only for the taking of three acres seventeen perches of land for the said street, but also for injuries done to the plaintiff's farm of the following character : damage to grass, crops, trees, fences, etc. ; damage arising from excavations, embankments, walls, culverts, obstruction of ingress and egress to and from the public road ; the removal of a barn to another site ; the quarrying and carrying away of stone and gravel, and obstructing the stone quarry by a permanent embankment ; and general damage produced by running the street through the farm, thereby dividing it into two distinct parts.   William B. Pusey died before trial, and his death was suggested of record.

On the trial, before KIRKPATRICK, J., the defendant objected to all evidence offered by the plaintiff to prove damages other than those resulting from the location and appropriation of the ground actually taken for said street.   The court overruled the objection, reserving the same as a question of law ; and, at the

[Pusey *v.* City of Allegheny.]

suggestion of the court, the following special verdict was submitted to, and found by the jury:

" We find the damages resulting to the plaintiff over and above all advantages resulting from the opening of Charles street, and the appropriation of the necessary ground therefor and as taken by the city of Allegheny, defendant, and *resulting from this, and this alone,* to be $5,458.

" We find the damages resulting to the plaintiff over and above all advantages resulting from the opening of Charles street, and the appropriation of the necessary ground therefor and as taken by the city of Allegheny, defendant, *and also and in addition thereto resulting from the construction of the said street, its grades, cuts, fills, slopes, walls, &c.,* to be $12,500. For which amount of $12,500 we render a verdict for the plaintiff and against the defendant, subject to the opinion of the court upon the question of law reserved, viz.:

" Whether or not there can be a recovery in this action over and above the actual value of the ground taken by defendant for the use of said street, and the location and opening of the same; and if the court should be of the opinion that there can be no recovery over and above the damages resulting from the location and appropriation of the ground actually taken for said street, then judgment to be entered for the smaller amount, viz.: the sum of $5,458, non obstante veredicto."

The court afterwards entered the following judgment :—

" And now, June 10th 1881, after argument and upon consideration of the special verdict, the court is of the opinion that judgment should be entered for the plaintiff, for the lesser sum found by the jury, viz.: The damage resulting from the opening of the street in question; and it is ordered that upon payment of the verdict fee judgment be entered on the verdict in favor of the plaintiff, for the sum of $5,458."

The plaintiff took this writ of error and filed the following assignment of errors:—

" 1. The court erred in holding and ruling upon the question of law reserved, that there can be no recovery in this action over and above the damages resulting from the location and appropriation of the ground of the plaintiff actually taken by the defendant for the opening of Charles street.

" 2. The court erred in refusing to enter judgment on the verdict for $12,500, the amount of damages for which the jury rendered a verdict in favor of the plaintiff and against the defendant."

*Thomas M. Marshall* (*J. S.* and *A. P. Morrison* with him), for the plaintiff in error.—Under the provisions of the eighth

[Pusey *v.* City of Allegheny.]

section of the sixteenth article of the constitution, we claim that the plaintiff is entitled not only to compensation for property actually taken, but also to compensation for property injured by the defendant in the construction of said highway. That article and section expressly provides, that "municipal corporations invested with the privilege of taking private property for public use, shall make just compensation;" not "for property taken" alone, but also for property "injured . . by the construction or enlargement of their works, highways or improvements." Also provided in the article and section above cited, that "The General Assembly is hereby prohibited from depriving any person of an appeal from any preliminary assessment of damages against any such corporations or individuals made by viewers or otherwise." And, further, that "the amount of damages in all cases of appeal shall, on the demand of either party, be determined by a jury according to the course of the common law."

It has been decided by this court in Pusey's Appeal, 2 Norris 67, that the plaintiff in error was entitled to an appeal and trial by jury as matter of right, under the provisions of the constitution above cited, and the Act of June 13th 1874, passed to give force and effect thereto.

Such trial was intended to determine the amount of consequential damages arising from the construction of the street as well as the direct damages for the land taken. The same question was ruled in Williams *v.* City of Pittsburg, 2 Norris 71; Bachler's Appeal, 9 Norris 209; and City of Reading *v.* Althouse, 12 Norris, 400.

*W. B. Rogers,* for the defendant in error. —Admitting, for argument's sake, that since the new constitution damages may be recovered for the injury or destruction of private property by a municipal corporation, we contend that this proceeding is not one in which that principle can be administered. The ordinance of March 12th 1874, authorized solely the *opening* of Charles street, and viewers were appointed to assess damages arising from such opening. There is a clear distinction between a proceeding for opening and one for grading a street. In this case, no grade had been fixed, no ordinance passed for the grading; the viewers had nothing to do with the grading. The report was simply on the opening. Had the viewers included damages for grading, their report would have been quashed by the court: In re Ridge street, city of Allegheny, 5 Casey 391. The appeal from the report under the Act of 1874 and demand of a jury trial raised the single issue of damages for *opening.* Besides, the verdict and judgment in a street-opening case is not a judgment quod recuperet, but it must be certified back with

[Pusey *v.* City of Allegheny.]

the record to the Quarter Sessions to have the damages and benefits assessed. The remedy for damages by reason of grade is a distinct and specific proceeding under the Act of May 1st 1876 (Pamph. L. 86), under which benefits as well as damages may be equitably assessed.

Mr. Justice GORDON delivered the opinion of the court, November 7th 1881.

Under the 8th section of the 16th article of the constitution of this Commonwealth, municipal, as well as other corporations, in whom are vested the right of eminent domain, are required to make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements. This is an advance upon the limitation of the right of eminent domain, as found in the bill of rights both of the present constitution and that of 1838. Corporations in whom the legislature has vested this right, are, by this section, made liable for damages resulting to private property, from the construction, use or alteration of their works, ways or other improvements; in other words to such damages as are ordinarily called *consequential.* This being now the supreme law of the land, it must govern the case under consideration, and it is idle to recur to decisions and legislation, the authority of which, as to all present and future cases, is, by this provision, annulled. The report of viewers from which the appeal in this case was taken, was filed, as we are informed by the statement of the plaintiff in error, on the 11th of September 1875, and the ordinance for the opening of Charles street bears date March 12th 1874. Whether the cutting and grading complained of were done between these dates, or subsequently to the former, we do not know, as we have nothing in the shape of a record from which to inform ourselves. Neither, for the same reason, do we know the amount of damages awarded by the viewers, or how they were made up. It is for this reason that we cannot entertain the allegation of the counsel for the defence that there had been no grading done until after the report of viewers, nor his argument, based on this hypothesis, that it was improper for the jury to consider what the viewers could not have passed upon. No such question appears to have been raised in the court below, and we cannot agree to discuss what is not before us.

The third point of the defendant developes the material subject of controversy, and is as follows: "That the measure of damages is the difference between the value of the property as a whole, with the street located thereon, and the property as it was

before the street was located, without regard to grades afterwards made."

This point was refused, and we think, for the reasons already given, it was properly refused. But to this decision the court did not adhere. A special verdict was directed, and the jury found that the damages, resulting over the above all advantages, from the appropriation of the land alone, were $5,548 ; that the damages to the remainder of the property, consequent upon the construction of the street, its grades, cuts, fills, slopes and walls, and including the value of the land, were equivalent to the sum of $12,500. Upon this verdict the court entered judgment for the amount first named, and rejected the larger amount which included consequential damages. This judgment was erroneous. As we have seen, the constitution in positive terms requires compensation to be made, not only for the private property that a corporation may appropriate to its own use, but also for such as it may injure or destroy. Hence the plaintiff was entitled to recover whatever damages she had suffered at the hands of the city, whether direct or consequential, and the contention that she must divide her claim, and recover for the property appropriated for the street, under the Act of 1870, and for the injury resulting from the cutting and grading by a different process under the Act of 1876, cannot be sustained. Such a method of splitting up damages resulting from a single transaction, and thus multiplying suits, is contrary to all legal policy; neither can it be supported by the Act cited. Under this statute, where the grading occurs as a separate act of the public authorities, and so long after the opening of the street that the assessment of the damages at the time of the appropriation cannot include those resulting from the grading, the latter may be ascertained by a second view, but not so where both can be assessed at one and the same time. The taking and the injury to the remaining land form but a single subject of complaint, and for them there can be but one assessment.

From this it follows, that the property owner not only may, but must, submit his whole claim to the viewers and to the court, and that part thereof which he neglects so to submit must be taken to have been waived, and no second process can be had for its recovery.

The judgment of the court below is now reversed, and it is ordered that judgment be entered for the plaintiff in the sum of $12,500, the full amount of the special verdict, with interest and costs.