# Righter *v.* Philadelphia, Appellant.

*Streets—Deed of dedication—Damages—Grading.*

A person who dedicates his land for the purpose of a street, with the same effect as if the street had been opened by legal proceedings, cannot afterwards maintain an action for damages resulting from the grading, where the opening and grading have been done at the same time, and in conformity with a plan existing at the time of the dedication.

Plaintiff's property abutted upon a street which had been laid out upon the official plan of the city. The grade of the street had been established differing from the natural grade, but the street itself had not been opened. Plaintiff by deed conveyed all his land lying within the limits of the street "forever for a public street or highway and for no other purpose, but to the same extent and with the same effect as if the said street had been opened by a decree of the court of quarter sessions upon proceedings had for that purpose under the road laws of the commonwealth." The consideration named was "the advantage to them accruing as well as for divers considerations affecting the public welfare which they seek to advance." The city subsequently opened and graded the street at the same time. Plaintiff's land was left some feet above the surface of the street. *Held*, that plaintiff was not entitled to recover damages for the change of grade.

Argued Jan. 19, 1894. Appeal, No. 117, Jan. T., 1894, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1892, No. 644, on demurrer in favor of plaintiff, Richard Righter. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Demurrer to plaintiff's statement.

Plaintiff in his statement averred that in 1883 certain property on Wood street was conveyed to him; that " the said Wood street was laid out upon the official plans of the survey department of the city of Philadelphia in front of said premises, as of a width of fifty feet, but was not legally opened for public use.

" On March 16, 1871, an artificial grade differing from the natural grade had been confirmed by the proper authorities upon said Wood street in front of the premises of plaintiff hereinbefore described, which was subsequently revised on March 2, 1885, and 1888, but none of said grades had been established physically at the time of the execution of the deed next hereinafter mentioned.

" That on Aug. 30, 1889, Jacob Wright, William D. Wright, Henry H. Wright, and Davis Wright, surviving executors of the last will and testament of William Wright, deceased, and Richard Righter, and Caroline, his wife, by indenture, recorded etc., granted and conveyed to the city of Philadelphia, the roadbed of said Wood street as laid out upon the city plans aforesaid (fifty feet wide), between Jefferson and Fountain streets, thereby dedicating the same to public use as a street or highway, which said conveyance was, on Sept. 16, 1889, accepted by the board of surveyors of the city of Philadelphia.

" Said Wood street, as thus dedicated to public use, lay on the natural surface of the ground, level with the immediately surrounding territory and with the plaintiff's above described premises, and in its then grade and position afforded easy and convenient access to the said property of plaintiff.

" During the summer of 1890, the said defendant, in pursuance of an ordinance of the select and common councils of the city of Philadelphia, approved the 7th day of April, 1890, altered, changed and lowered the natural grade of said Wood street, between Jefferson street and Fountain street, to conform to the artificial grade as confirmed Dec. 3, 1888, and in the doing of said work excavated the bed of said Wood street, in front of plaintiff's property, to a depth varying from four to thirteen feet, so that the said property of plaintiff has been left so far above the said Wood street as so excavated as to be wholly inaccessible for ordinary use, and the plaintiff has been thereby injured and damaged to the extent of $3,000."

The material portions of the deed dated Aug. 30, 1889, are quoted in the opinion of the Supreme Court.

Defendant demurred to the statement. The court overruled the demurrer and subsequently entered judgment for plaintiff, for want of a plea. Damages were assessed at $1,500. Defendant appealed.

*Error assigned* was judgment on demurrer.

*E. Spencer Miller*, assistant city solicitor, *Charles F. Warwick*, city solicitor, with him, for appellant.—The very object of having a public plan of streets is to give notice in advance how the streets defined are to be opened. Property owners in

the handling of their properties are bound, at their peril, to have regard toward indications displayed on the confirmed plans: Groff v. Phila., 150 Pa. 594; Forbes Street, 70 Pa. 125.

If we refer to the law of highway opening under ordinary public proceedings, to discern just what effect is intended, we are met by the case of Pusey v. Allegheny, 98 Pa. 522, wherein the court decided that a claim for damages inflicted by the grade according to which a street is opened cannot be separated, for later recovery, from the matter of the taking effected in the opening.

*L. H. R. Nyce,* for appellee.—The claims for opening and grading were entirely separate and distinct in their nature ; so separate and distinct that it was not until the constitution of 1874 that the grade claim was recognized and secured by law, while the other had been secured and protected for years by a large mass of legislation. So separate and distinct were they in character that the initiative proceedings for the recovery of the one were under the sole jurisdiction of the court of quarter sessions, while the other was only recoverable by an action at common law commenced in the court of common pleas. So separate and distinct were they that, although damages for the appropriation of land are recoverable upon the opening of a street, yet no damages are recoverable for an injurious paper grade in existence at the time of the opening until that grade is physically established: Plan 166, 143 Pa. 414; Ogden v. City, 143 Pa. 430; Pusey v. Allegheny, 98 Pa. 522.

It, therefore, clearly appears, by an examination of all the law upon the subject, that the two claims, viz., for damages for appropriation of land, and for damages for change of grade, are as distinct and unconnected with each other as it is possible for two claims to be. They are distinct in origin, in form of recovery, and in the time when they accrue. With these two rights, both in the shape of future possibilities only, the plaintiff executed the deed which is claimed to be a bar to recovery in the present case.

The mere release of one right will not, ex necessitate, nolens volens, operate as a release of an entirely separate and distinct right, without regard to the terms of the release or the intention of the parties.

OPINION BY MR. JUSTICE FELL, April 9, 1894:

In 1889 the plaintiff and others joined in a deed conveying to the city of Philadelphia so much of their lands as were included within the lines of Wood street in the 21st ward. Wood street had been for many years laid out on the official plan of the city, and its grade had been established differing from the natural grade, but it had not been opened.

The conveyance was "forever for a public street or highway and for no other purpose, but to the same extent and with the same effect as if the said street had been opened by a decree of the court of quarter sessions upon proceedings had for that purpose under the road laws of the commonwealth." The consideration named was "the advantage to them accruing as well as for divers considerations affecting the public welfare which they seek to advance."

In 1890 the city opened and graded the street thus dedicated. As a result of the grading the plaintiff's remaining land was left some feet above the surface of the street, and this action was brought to recover damages for injuries alleged to have been caused thereby.

The case is here upon an exception to the overruling of a demurrer to the statement, and involves the single question whether a party who dedicates his land for the purpose of a street with the same effect as if the street had been opened by legal proceedings can afterward maintain an action for damages resulting from the grading, the opening and grading having been done at the same time and in conformity with a pre-existing plan. The plaintiff's contention is that prior to the conveyance in 1889 he had two possible future claims against the city, entirely separate and distinct in their nature; one for the value of the land when the city should appropriate it for street purposes, and the other for any damage which he might suffer as to his remaining land by reason of the actual establishment of the grade; and that each of these claims might be separately asserted if the city first opened the street and afterward graded to the established line, and that the first of these claims only was abandoned by the dedication.

It is true that claims for opening and for grading a street may be enforced at different times and by different remedies, when the opening and the grading are distinct municipal acts

and are so far separated in time that the damages for the grading cannot be included in those for the appropriation of the land. For the opening, the statutory remedy is by proceedings in the quarter sessions, and if no grade line has been established, or if established the grading has not been done, the recovery would necessarily be confined to the injury then inflicted, the taking of the land. If subsequently the physical grade is changed to conform to a line established either before or after the opening, or to a changed line, the remedy is by action in the common pleas : Change of Grade in Plan 166, 143 Pa. 414.

But where the jurisdiction of the quarter sessions has once attached, as in the case of opening a street, it will determine the whole case, including damages for change of grade : Change of Grade in Plan 166, supra ; Pusey v. Allegheny, 98 Pa. 523. It was said in the latter case : " The property owner not only may but must submit his whole claim to the viewers and the court, and that part of it which he neglects so to submit must be taken to have been waived, and no second process can be had for its recovery."

In 1889 the parties to this proceeding stood in this relation : Wood street was on the city plan, and its grade as well as its lines had been officially fixed. The plaintiff thus had notice both of its location over his land, and of the change which would be made by grading. In making improvements on his abutting land he was bound to take notice of the location and plan of the street : Groff v. Philadelphia, 150 Pa. 594. To promote the opening of the street before the time when the advance of improvements would affect it, and as an inducement, he presented his land to the city for street purposes " to the same extent and with the same effect as if the same had been opened by a decree of the quarter sessions upon proceedings had for that purpose under the road laws of the commonwealth." Within a year the street was opened and at the same time graded. If no dedication had been made, and the city had done precisely what it did—opened and graded the street at the same time—the plaintiff's action for the opening would have included his damages for the grading. Had the opening and grading been done at different times his action for the one might have been distinct from his action for the other. It is upon this bare chance that it is claimed his right to recover

rests, and it might be a sufficient answer in this case to say that the sequence of events decided the chance against him. The question here however is one of intention to be gathered from the deed, with the aid of the circumstances surrounding the parties. It is a mistake to assume that the plaintiff before the conveyance had two distinct claims against the city, one of which he reserved while he surrendered the other by the deed, and in this assumption is the error of the very ingenious and able argument of the appellee's counsel.

Before the conveyance, his possible future claim against the city was for the depreciation in the value of his land, the difference between the value of his whole land before the taking and the value of what would remain after the taking. The market price of the land taken, the condition in which the rest would be left as to street lines, the result of the elevation or depression of the natural surface, would all enter into the computation of loss and advantage, but they would not be separate claims. This was one distinct claim and one only.

If the plaintiff eliminated from his claim only the value of the land, and can now recover for injuries caused by the grade, he may with equal propriety demand compensation for damages arising from the manner in which his land has been affected by the course of the street lines. The surface line is as essentially a part of a street as its lateral lines. When the deed of dedication was made and accepted both parties thereto knew where the street would be laid out, and how it would be constructed. There were elements of advantage and disadvantage to both, equally apparent to both; and proper effect is given to the language used by holding that the dedication was made subject to and in full conformity with the official street plan both as to location and as to grade.

We are therefore of opinion that the demurrer should have been sustained. The judgment of the court of common pleas is reversed and set aside, and judgment is now entered on the demurrer for the defendant.