## Clarence H. Clark, Appellant, v. City of Philadelphia.

*Road law—Change of grade—Waiver—Presumption.*

Where the grading of a street occurs as a separate act of the public authorities, and so long after the opening of the street that the assessment of damages at the time of the appropriation cannot include those resulting from the grading, the latter may be ascertained by a second view.

The right to damages for change of grade does not accrue until the actual change is made on the ground; when therefore a property owner in

a proceeding in the court of quarter sessions to open a street disclaims " any damage for the property taken by the opening of said street," there is no necessary legal implication that he thereby waives a claim for damages by change of grade which is as yet inchoate, and for which no right of action yet exists, and there is no estoppel against the assertion of the other right when it arises.

Where a property owner in a proceeding to open a street at an established grade disclaims any damage " for the property taken by the opening," and the final decree in the proceedings is entered more than eight months before a change of grade is authorized by ordinance, and the property owner had a separate proceeding of his own for the assessment of damages by the change of grade, which was prematurely brought in the wrong court, but was pending at the time of the proceedings to open, it will not be presumed that he intended to waive damages caused by the change of grade of the street.

The policy of continuing the jurisdiction of the quarter sessions over the opening of streets in cities of the first class considered.

Argued March 25, 1895.　Appeal, No. 212, July T., 1894, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1891, No. 487, discharging rule for appointment of jury of view.　Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.　Reversed.

Petition for the appointment of viewers under the act of May 16, 1891, P. L. 75, to ascertain damages caused by grading Forty-fifth street.

Plaintiff in his petition averred as follows :

" On November 2, 1885, the city of Philadelphia by its board of surveyors, acting under an ordinance of the city councils approved June 23, 1884, revised and confirmed the lines and grades of Forty-fifth street from Woodland to Baltimore avenues as part of said plan 166.

" On June 10, 1886, your petitioner filed a petition in the court of quarter sessions of Philadephia county asking for the appointment of a jury to assess the damages resulting from said change of grade to his property, including that located on Forty-fifth street, the damages to which your petitioner is endeavoring to have assessed in this proceeding.　A jury was appointed under said petition on the 10th day of June, 1886, and the case was carried forward to a judgment in favor of the plaintiff in the lower court, which judgment was, however, reversed by the Supreme Court and the proceedings dismissed

on the ground that the court of quarter sessions had no jurisdiction.    See In re Plan 166, 143 Pa. 414.

" On September 28, 1886, a petition for a jury of view to open Forty-fifth street from Baltimore avenue to Woodland avenue was filed in the court of quarter sessions.    Said petition was signed by eleven persons living in the neighborhood, but the plaintiff is not one of them.    On March 4, 1887, the jury filed their report, which sets forth, among other things, the following: ' The counsel for Clarence H. Clark, Esq., stated to the jury that Clarence H. Clark did not claim any damage for the property taken by the opening of said street.'·  The jury unanimously found and reported in favor of the opening of said Forty-fifth street between the said points, and said report was confirmed and the street opened by a decree entered on June 25, 1887.

" On March 20, 1888, the city councils passed an ordinance authorizing and directing the grading of Forty-fifth street from Baltimore avenue to Woodland avenue, and in pursuance of the authority given by said ordinance, Forty-fifth street between said two avenues has been graded to conform to the lines and grades approved and confirmed November 2, 1885, as aforesaid, and the street has been raised above the plaintiff's property at some points as high as four feet.

" By reason of said grading the private property of plaintiff has been injured and damaged to the sum of ten thousand dollars ($10,000)."

The city's answer was as follows :

" During the deliberations of the jury appointed September 28, 1886, to consider the opening of Forty-fifth street from Baltimore avenue to Woodland avenue, as stated in said petition, they were attended by Clarence H. Clark, this petitioner, by his counsel, Joseph S. Clark and John G. Johnson, Esqs. The said Clarence H. Clark was at that time, and had been for a long period before, owner of the property for which he now claims damages.    At the suggestion of the attorney for the city of Philadelphia, and with the expressed approval of all other parties in the case, the jury considered with a view to awards the element of damage to the property owners by the opening of the said Forty-fifth street.    Counsel for petitioner here expressly waived before the jury damages for property taken by the opening of the said street.

" Wherefore respondent shows that petitioner is barred from having a valuation of his damages occasioned by the grading of the said street in accordance with the said plan of 1885, as prayed in his petition aforesaid."

The court discharged the rule for the appointment of a jury.

*Error assigned* was above order.

*Joseph S. Clark* and *John G. Johnson*, for appellant.—The right of action for damages resulting from the construction or grading of a street is given by section 8 of article XVI. of the constitution. It does not accrue until the construction or grading actually commences : O'Brien v. R. R., 119 Pa. 184; Ogden v. Phila., 143 Pa. 430; Eisenhart v. Phila., 154 Pa. 393.

A change in the grade regulations gives no right of action unless the case comes within the 27th section of the consolidation act, and the Supreme Court has said that the plaintiff's case does not: In re Plan 166, 143 Pa. 414.

Where the grading of a street occurs as a separate act of the public authorities, and so long after the opening of the street that the assessment of the damages at the time of the appropriation cannot include those resulting from the grading, the latter may be ascertained by a second view, but not so where both can be assessed at one and the same time : Pusey v. City of Allegheny, 98 Pa. 522; Jones v. Bangor, 144 Pa. 638; O'Brien v. Phila., 143 Pa. 430.

In the case before us it will be noticed that the petition for the jury to open the street was filed on September 28, 1886, and the street was opened by decree entered June 25, 1887; but the city councils did not pass an ordinance for the grading of the street until March, 1888, and the grading was done after this ordinance was passed and in pursuance of the authority thereby given. Consequently the right of action to recover the consequential damages done by the grading did not accrue until long after the proceedings for the opening of the street had been consummated by the decree of June 25, 1887.

*E. Spencer Miller*, assistant city solicitor, *Charles F. Warwick*, city solicitor, with him, for appellee.—We submit that the contention of appellant is not only wrong upon theory but it is

also in direct opposition to a precedent in this court rendered in Righter v. Philadelphia, 161 Pa. 73.

When a street is opened by ordinance of councils or by a quarter sessions proceedings with reference to the confirmed plan of the city, and that plan indicates the exact level at which the street is proposed, the entire data necessary to enable the complete assessment of a property owner's damages are offered: Pusey v. Allegheny, 98 Pa. 522.

If the contention of appellant is allowed to prevail the advantage of having the complete damage assessed in a single proceeding will be lost.

OPINION BY MR. JUSTICE MITCHELL, October 7, 1895 :

Appellant's amended statement is a petition under the act of May 16, 1891, P. L. 75, for the appointment of viewers to assess damages for a change of grade of Forty-fifth street. The city of Philadelphia set up in its answer that in a prior proceeding in the quarter sessions for the opening of said Forty-fifth street, the petitioner had expressly waived his claim for damages for his land taken by the opening, and therefore was now barred from his present claim. The court below sustained this view by discharging the rule for the appointment of viewers.

The waiver must be either by estoppel or by intention.

First. The claim of a property owner against the city for the opening of a street is a single claim for the depreciation in the value of his land, though it may include various elements such as the value of the part actually taken, and the injury to what is left, whether the latter is by reason of diminished size, inconvenient shape, difference of grade or other attendant circumstances. It was accordingly held in Pusey v. Allegheny, 98 Pa. 522, and other cases that have followed it, including Righter v. Philadelphia, 161 Pa. 73, that the claim must be asserted as an entirety in the same proceeding, and if any part of it be omitted the owner will be estopped from setting it up in a subsequent action. To this rule however there is the necessary limitation that the claim need only include elements already existing. No proceeding can be required to include rights of action which are yet inchoate. Where, therefore, "the grading occurs as a separate act of the public authorities, and so long after the opening of the street that the assessment of damages

at the time of the appropriation cannot include those resulting from the grading, the latter may be ascertained by a second view : " Pusey v. Allegheny, supra.

The present case comes within the exact terms of the exception. The report of the viewers to open Forty-fifth street was confirmed and the decree thereon made June 25, 1887. The ordinance under which the grading of the street was done was not passed until March 10, 1888. The right to damages for change of grade does not accrue until the actual change is made on the ground : Ogden v. Philadelphia, 143 Pa. 430. When therefore the appellant, in the proceeding in the quarter sessions to open the street, disclaimed " any damage for the property taken by the opening of said street," there was no necessary legal implication that he thereby waived a claim for damages by change of grade which was as yet inchoate, and for which no right of action yet existed. There was therefore no estoppel by virtue of such disclaimer against the assertion of the other right when it should arise. The opening and grading were separate acts, one through the operation of the court of quarter sessions, and the other through an ordinance of councils, and the latter was in the language of Pusey v. Allegheny already quoted, so long after the former that " the assessment of damages at the time of the appropriation cannot include those resulting from the grading."

The argument of the appellee that by this construction the advantage to the city of having the complete damage assessed in a single proceeding will be lost, and that property owners may by dedication in advance or by proceedings in the quarter sessions secure an opening without the risk of assessment for benefits, would be a good argument ad inconvenientem addressed to the lawmaking power, but even then there is another horn to the dilemma, which is that the assessment of damages for a change of grade not yet actually made is speculative, as it is compensating the owner in advance for an injury not yet done to him, and which in fact may never be done. This is the view that was successfully urged by the city of Philadelphia in Re Plan 166, 143 Pa. 414, and the rule was there settled that no damages are recoverable for change of grade until the actual work on the ground is begun. By this rule, as was there said, " The city is not exposed to the danger of speculative damages

for a change that may never be made in fact, while the property owner will still be compensated, but for an actual change when it is made on the land." The subject has inherent difficulties because no general rule can be formulated which will invariably work justice to all parties. But the vigilance of the city officers can in most cases protect the city's interest by seeing that dedications of land or waivers of damages for opening are not accepted unless they include waiver of damages as to grade, and that ordinances for opening shall also provide for grading, so that the acts shall be concurrent, and claims for both be necessarily presented in the same proceeding. It may also be worth while for the lawmaking authorities to consider whether the jurisdiction of the quarter sessions over the opening of streets, at least in cities of the first class where damages are so important a part of the expenses of government, should not be limited or taken away, if it may constitutionally be done, and the whole subject left exclusively to the city councils where it properly belongs. The authority is not in its nature judicial but legislative, and its survival in the quarter sessions is a remnant of the colonial days, when that tribunal, before the accurate definition and separation of constitutional powers, exercised a general and very miscellaneous jurisdiction over the great body of local affairs. That the jurisdiction in the rural parts of the state where roads are matters of general concern, and the land damages for opening are relatively small, is still beneficial, and the public interest is watched and subserved, is probably unquestionable, but it is patent to every one who has presided in the quarter sessions of Philadelphia during the past twenty years that the opening of streets by proceedings under the road laws is always at the instance and for the benefit of private enterprise, and the public necessity or convenience alleged as a basis is, like the right of eminent domain under the corporation laws, the thinest kind of a mask for individual profit.

Secondly. The waiver of appellant's claim to damages may extend to and include damages resulting from the opening at the grade on the city plan, if such was in fact the intention of the waiver at the time, and it is argued for the city that such must have been the intention as the appellant must have known that when the street was opened it would be at the established grade. We do not however think this result follows, certainly

there is no sufficient evidence of it in the appellant's petition and the city's answer, which are all the court had before it. The waiver as it is set out in the viewers' report is of damages for "property taken by the opening," and as we have seen the municipal acts of opening and grading were not cotemporaneous, but the first was ended by a final decree of court more than eight months before the latter was authorized by ordinance. The damages for change of grade are not within the letter of the waiver, nor do the circumstances show that they were within the intent. But this is not all. It appears in the appellant's statement that at the very time when this waiver was made in the proceeding to open, he had a separate proceeding of his own, pending in the same court, for the assessment of his damages by the change of grade. It is true that it was subsequently held that he had no right of action for the paper change, and therefore the proceeding was not only premature but in the wrong court: Re Plan 166, 143 Pa. 414. But the fact that appellant then had such an action pending, which he was pursuing for the assessment of these very damages, and which was not abandoned nor even referred to, is conclusive that the waiver was not intended to cover anything more than its literal terms included,—the damages for property taken in the opening.

There was no waiver therefore, either by estoppel or by intention, of the damages claimed in this proceeding, and the appellant was entitled to have viewers appointed and the case proceed regularly according to the statute.

This result is not in conflict, as is argued, with the decision in Righter v. Philadelphia, 161 Pa. 73. In that case the opening and grading were done at the same time, and the ground of the decision as stated by our brother FELL is that as an action must have included both elements of damage, the waiver must be presumed to have been intended to include both. "If no dedication had been made, and the city had done precisely what it did—opened and graded the street at the same time—the plaintiff's action for the opening would have included his damages for the grading. . . . The question is one of intention to be gathered from the deed, with the aid of the circumstances surrounding the parties." And the most potent factor among such circumstances is the opening and grading at the same

time, in which respect the case differs from the present. That was an illustration of the rule laid down in Pusey v. Allegheny, this is an example of the exception.

Judgment reversed and procedendo awarded.