## Uhle, Appellant, v. Philadelphia.

*Road law—Change of grade—Streets—Damages.*

Where after a proper grade of a street is established, the owner dedicates the bed of the street to the public use, and subsequently the grade is changed, and some time after this the physical opening and grading takes place at the same time, a purchaser of the land subsequent to the dedication is entitled to recover damages only for the difference between the old grade and the new.

Argued Oct. 19, 1905. Appeal, No. 180, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T.,

1903, No. 2,598, on verdict for plaintiff in case of Bernard Uhle v. Philadelphia.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Appeal from jury of view.   Before RALSTON, J.
The opinion of the Superior Court states the case.
Verdict and judgment for defendant.

*Error assigned* was in directing verdict for defendant.

*Joseph E. Sagebeer*, with him *Frank B. Ellis*, for appellant. —The deed of dedication conveyed the bed of the street to the city to the same extent and with the same effect as if the said street had been opened by a decree of the court of quarter sessions upon proceedings had for that purpose under the road laws of the commonwealth of Pennsylvania.

Such a decree of the quarter sessions court opens the street at once: Philadelphia v. Thomas's Heirs, 152 Pa. 494; Eisenhart v. Philadelphia, 154 Pa. 393; Clark v. Philadelphia, 171 Pa. 30.

The right of action for damages resulting from the grading of a street is given by section 8 of article 16 of the constitution, and no damages are recoverable for the establishing of a grade until the actual work of grading is begun: In re Plan 166, 143 Pa. 414; Ogden v. Philadelphia, 143 Pa. 430; Clark v. Philadelphia, 171 Pa. 30; Howley v. Pittsburg, 204 Pa. 428.

Where the grading of a street occurs as a separate act of public authorities and so long after the opening of a street that the assessment of damages at the time of the appropriation cannot include those resulting from the grading, damages for the grading may be ascertained by a separate view: Pusey v. City of Allegheny, 98 Pa. 522; Jones v. Bangor Boro., 144 Pa. 638; Ogden v. Philadelphia, 143 Pa. 430.

*John Monaghan*, assistant city solicitor, with him *George E. Fili* and *John L. Kinsey*, city solicitor, for appellee.—The facts of the case at bar are on all fours with the facts in the case of Righter v. City of Philadelphia, 161 Pa. 73, upon the authority of which, his honor, Judge RALSTON, directed a verdict for the defendant in the case under consideration.

OPINION BY RICE, P. J., April 23, 1896:

In 1889 the plaintiff's predecessor in title deeded to the city of Philadelphia the bed of Fifteenth street from Courtland street to Loudon street, which includes the land in front of the plaintiff's property, " to have and to hold the same forever for a public street or highway, and for no other purpose, but to the same extent and with the same effect as if the said street had been opened by a decree of the court of quarter sessions for the county of Philadelphia upon proceedings had for that purpose under the road laws of the commonwealth of Pennsylvania." The expressed consideration to the grantor was " the advantage to it accruing, as well as for divers considerations, affecting the public welfare which it seeks to advance." This deed of dedication was duly accepted and recorded prior to the plaintiff's purchase. The grade of the street was established in 1887, and in 1899 a new grade was established seven-tenths of a foot higher, and it was agreed by counsel at the trial that the street " was physically opened and graded to the confirmed grade of October 7, 1899 on November 27, 1903." The language of this agreement is plain and unambiguous and for the purposes of this case must be taken as it reads. The court held that as the physical opening and grading were done at the same time the plaintiff's right of recovery was restricted to the damage done by raising the grade seven-tenths of a foot beyond the paper grade established in 1887 prior to the deed of dedication. This, in substance, is the subject of the principal assignment of error and the arguments of counsel.

The appellant's counsel argue that the opening of the street must be deemed in law to have taken place upon the acceptance of the deed of dedication, and as the actual grading was not done until many years after, the case is within the rule, that where the grading of a street occurs as a separate act of public authorities, and so long after the opening of the street that the assessment of damages at the time of the appropriation cannot include those resulting from the grading, damages for the grading may be ascertained by a separate view. A similar argument was unsuccessfully made in Righter v. Philadelphia, 161 Pa. 73, in order to restrict the effect of a deed of dedication, identical in terms with the one involved in this case, to damages for opening only. It was held that the plaintiff was

precluded from recovering damages resulting from lowering the actual surface to the established grade. To show that the legal question involved and decided in that case was identically the same as the question now before us, we quote from the opinion of Mr Justice FELL: " The case is here upon an exception to the overruling of a demurrer to the statement, and involves the single question whether a party who dedicates his land for the purpose of a street with the same effect as if the street had been opened by legal proceedings can afterward maintain an action for damages resulting from the grading, the opening and grading having been done at the same time and in conformity with a pre-existing grade." Later in his opinion he said: " If no dedication had been made, and the city had done precisely what it did—opened and graded the street at the same time—the plaintiff's action for the opening would have involved his damages for the grading. . . . The question is one of intention to be gathered from the deed, with the aid of the circumstances surrounding the parties." In the later case of Clark v. Philadelphia, 171 Pa. 30, after quoting this clause of the opinion, the present chief justice said: " And the most potent factor among such circumstances is the opening and grading at the same time, in which respect the case differs from the present." These remarks serve equally well to distinguish the case before us from the Clark case, and to show that there was no intention to disturb the rule laid down in the Righter case as applicable to such a state of facts as was presented there and is presented here. The learned trial judge was right in holding that upon the admitted and undisputed facts of this case the rule precluded a recovery of damages for the opening and grading in conformity with the official plan existing at the time of the acceptance of the deed of dedication, and with notice of which plan and dedication the plaintiff must be presumed to have bought. This conclusion renders it unnecessary to discuss the other assignments of error.

The judgment is affirmed.