Samuel M. Rodgers and Samuel M. Rodgers, Administrators of Amos Pennypacker *v.* The City of Philadelphia, Appellant.

*Road law—Opening streets—Change of grade—Property owner—Damages—Practice, C. P.*

The claim of a property owner for the opening of a street must be asserted as an entirety, and if any part of it be omitted he is estopped from afterward setting it up.   He must submit the whole claim, and no second process can be had for a part of it.   The value of the land taken, the condition of what remains as affected by the lines of the street and the eleva-

tion or depression of the natural surface, are elements in the calculation, but they are not distinct claims. But claims for opening and for grading a street may be enforced at different times and by different proceedings when the opening and the grading are distinct municipal acts and are so far separated in time that the damages for the grading cannot be recovered with those for the appropriation of the land.

A proceeding to recover damages occasioned by the widening of a street at an established grade is not a bar to a subsequent proceeding to recover damages for an injury caused by the elevation of the surface of the street, which was not in contemplation until after the report of the jury in the first proceeding was filed; nor is a recovery in the later proceeding a bar to the further prosecution of the first.

Argued March 30, 1897. Appeal, No. 54, Jan. T. 1897, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1890, No. 54, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Appeal from jury of view.

The facts appear by the opinion of the Supreme Court.

Defendant's points and answers thereto among others were as follows :

. 1. The jury must find for defendant. *Answer:* Refused. [3]

3. If the jury find that Kensington avenue bridge was not begun or the plans defined at the time when the report was filed from which this appeal is made, they must find for defendant. *Answer:* Refused. [4]

4. If the jury find that the plaintiffs were a party in 1892 to the proceeding for the assessment of damages, C. P. No. 2, December term, 1891, No. 932, because of the construction of Kensington avenue bridge, they must find for defendant. *Answer:* Refused. [5]

Verdict and judgment for plaintiffs for $6,500. Defendant appealed.

*Errors assigned* among others were (3-5) above instructions, quoting them.

*E. Spencer Miller,* assistant city solicitor, *John L. Kinsey,* city solicitor, with him for appellant.—A claim cannot be made, because of an exercise of eminent domain, for damages which have not been suffered at the time of claim : Pusey v. Allegheny, 98 Pa. 522; Clark v. Phila., 171 Pa. 30.

*A. T. Freedley,* for appellees.—Where the damages arising from the taking and from the change of grade occur at the same time the damages for the taking must embrace the damages for the change of grade, because the plaintiff can have but one action for damages resulting from the same cause of action: Righter v. Phila., 161 Pa. 73.

But on the other hand, where the subsequent damages by change of grade or otherwise are not done at the same time, but occur at a subsequent period of time, then such subsequent damages may and must be recovered by a subsequent action, and cannot be recovered by the first proceeding, because, not being then contemplated, any evidence in relation thereto would be wholly speculative, and would allow a recovery for what might never occur: Clark v. Phila., 171 Pa. 31.

A bridge connecting two ends of the street is a part of the highway which it connects. It constitutes a portion of the highway with which it is connected: Pittsburg & West End Pass. Ry. v. Point Bridge Co., 165 Pa. 41, 43; Larue v. Oil City Ry. Co., 170 Pa. 250.

Where there is a taking, all damages which will result therefrom, consequential or otherwise, must be claimed before the preliminary jury to assess damages, or on the appeal therefrom: Buckwalter v. Black Rock Bridge Co., 38 Pa. 287; O'Brien v. R. R., 119 Pa. 184; Denniston v. Phila. Co., 161 Pa. 46; Patton v. Phila., 175 Pa. 88; Comstock v. Ry. Co., 169 Pa. 582.

The appellees' water power is property within the constitutional provision, and the appellees are entitled to compensation therefor: Barclay Coal Co. v. Ingham, 36 Pa. 194; Hanover Water Co. v. Ashland Iron Co., 84 Pa. 279; Hoffman v. R. R., 143 Pa. 508, 513, 519.

OPINION BY MR. JUSTICE FELL, May 17, 1897:

The proceeding in the common pleas was an appeal by the plaintiffs from the award of a jury appointed in 1890 to assess the damages and benefits arising from the widening of Kensington avenue from thirty to seventy feet. It was a part of the plan for the improvement of the avenue that a new bridge should be erected over Frankford creek. This bridge was to take the place of a covered bridge which spanned the creek, and was to be erected at the same elevation. No change of grade was then

contemplated. In 1892, after the proceedings before the road jury had been ended, and while the plaintiff's appeal was awaiting trial in the common pleas, the grade of the avenue at the south side of the bridge was changed. The Belt Line Railroad had been constructed in 1891, and in order to avoid crossing it at grade, Kensington avenue, at the south end of the bridge, was elevated seven feet. A jury of view was appointed in 1892 to assess the damages occasioned by the construction, and awards were made to the plaintiffs and others whose property had been injured. The plaintiff's land taken in 1890 by the widening of the street was on the north side of Frankford creek; his land injured by the construction of the abutment of the bridge in 1892 was on the south side of the creek.

If the proceedings of 1890 and those of 1892 related to different and distinct properties, or if they related to the same property, and the change of grade for which damages were recovered under the proceedings of 1892 was a separate act of the municipal authority, and done so long after the opening of the street that the damages resulting therefrom could not be recovered with the damages for the opening, the trial was free from error. The pursuit of the first inquiry involves the ascertainment of facts from the voluminous record and testimony, and it is unnecessary to enter upon it, as the answer to the second inquiry brings the case within the rule stated in Clark v. City of Phila., 171 Pa. 31.

The claim of a property owner for the opening of a street must be asserted as an entirety, and if any part of it be omitted he is estopped from afterward setting it up. He must submit the whole claim, and no second process can be had for a part of it. The value of the land taken, the condition of what remains as affected by the lines of the street, and the elevation or depression of the natural surface, are elements in the calculation, but they are not distinct claims. But claims for opening and for grading a street may be enforced at different times and by different proceedings when the opening and the grading are distinct municipal acts and are so far separated in time that the damages for the grading cannot be recovered with those for the appropriation of the land: Pusey v. Allegheny, 98 Pa. 522; Righter v. Phila., 161 Pa. 73; Clark v. Phila., 171 Pa. 30. The proceeding in 1890 was to recover damages occasioned by the

widening of the street at the then established grade, and it was not a bar to the proceeding in 1892, which was founded upon a distinct cause of action for which a recovery could not have been had in the first proceeding, as the elevation of the surface of the street was not in contemplation until after the report of the jury was filed. Nor was a recovery in the later proceeding a bar to the further prosecution of the first. It was for consequential damages for the injury done by the change of grade of a street, and in this proceeding there could have been no recovery for the value of the land taken two years before by the opening, and which had been the subject of inquiry and ascertainment by another jury.

The judgment is affirmed.