## Greentree Avenue.

*Road law—Assessment for damages—Grading street—Paper grade—Act
of May* 26, 1891, *P. L.* 117.

The Act of May 26, 1891, P. L. 117, relates to the right of a landowner
to damages resulting from an established paper grade of a street, and has
no bearing upon the right of the municipality to recover the expenses of
making the physical change.  The absolute confirmation of a report of
viewers appointed in proceedings under the act of 1891, is, therefore, not
res adjudicata as to subsequent distinct proceedings instituted to assess
for the expenses of making the physical change of grade.

Argued April 29, 1902.  Appeal, No. 106, April T., 1902, by
C. Lager, from order of C. P. No. 2, Allegheny Co., April T.,
1901, No. 582, dismissing exceptions to report of viewers in In
re Grading of Greentree Avenue.  Before RICE, P. J., BEA-
VER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Af-
firmed.

Exceptions to report of viewers.
The opinion of the Superior Court states the case.

*Error assigned* was order dismissing exceptions to report of
viewers.

*George Elphinstone* and *H. M. Davidson*, for appellant, cited:
Ogden v. Philadelphia, 143 Pa. 430.; Eisenhart v. Philadelphia,
154 Pa. 393; In re Plan 166, 143 Pa. 414; New Castle Peti-
tion, 16 Pa. C. C. Rep. 478; Clark v. Philadelphia, 171 Pa. 36.

*Charles P. Lang*, for appellee, cited: Clark v. Philadelphia,
171 Pa. 34; Pusey v. Allegheny, 98 Pa. 522.

OPINION BY W. D. PORTER, J., October 13, 1902:

The city of Allegheny in 1897 duly passed an ordinance es-
tablishing the grade of Greentree avenue, and in the same
year passed another ordinance opening said highway.  View-
ers were appointed, upon a petition of the city, to assess the
damages and benefits to property resulting from the opening of
said street.  The report of said viewers was confirmed abso-
lutely by the court of common pleas in 1898, which confirmation
ripened into a final judgment.  The record of the proceedings
for the assessment of the damages and benefits arising from the
opening of the street is not printed by the appellant, but it is
conceded that no actual grading had been done at that time,
and that the cost of such grading was not considered by said
viewers.  No actual grading was done, and no steps were taken
by the city to authorize the grading of the street until March 20,
1900, when, in pursuance of an ordinance duly enacted, the city
undertook the work of making the physical change of grade.
After the work was completed viewers were appointed by the
court of common pleas, upon a petition of the city, to assess
the benefits and damages resulting from the physical change of
grade.  The report of these viewers did not award damages to
any property holder, and no property was assessed to pay such
damages, but properties were assessed for benefits upon the
basis of the actual cost of the work to the city.  The property
of the plaintiff was so assessed for benefits, and his contention
now is that there is a conclusive legal presumption that the
cost of making the change of grade was considered by the view-
ers in the proceeding to open the street, and that the judgment
in that case is a final adjudication of the whole matter.  In
support of this contention he relies upon the provision of the
Act of May 26, 1891, P. L. 117: " That in all cases of assess-
ment for the opening or widening of any street or highway in

any city of this commonwealth the award of damages, if any, shall include all damages due to the grade at which said street is to be opened or widened." The appellant, while relying upon this act, presents an argument questioning its constitutionality. We do not consider it necessary, however, to consider the question of the constitutionality of the act, for if this act is unconstitutional and void the plaintiff's appeal is without merit. Prior to the act the question of grade could not be considered by the viewers in a proceeding to open the street, unless the grading was done at the same time the street was opened. When the grading was done as a separate act of the public authorities, and so long subsequently to the opening that it could not be considered a part of the same proceeding, the assessments growing out of the grading were ascertained by a second view. When the municipality undertook and carried on the opening and grading of the street at the same time, so that the whole work constituted a single public improvement, the claim of the owner to damages must be asserted as an entirety in the same proceeding, and the city must assert its entire claim to be reimbursed: Pusey v. Allegheny, 98 Pa. 522; Righter v. Philadelphia, 161 Pa. 73; Clark v. Philadelphia, 171 Pa. 31. In the present case a final judgment had been entered in the proceeding to assess the damages and benefits for the opening of the street more than a year before the work of making the change of grade was undertaken by the municipality. The law regulated the manner in which the city must let the contract for the work; the city could not recover from owners in the form of assessments for benefits more than the amount actually expended; the amount which the work was to cost the city could not have been legally determined at the time of the assessment for the opening of the street. The constitution of 1874, article 16, section 8, gave a right to the owners to have compensation for property injured by a change of the grade of a street; but the right of action thus given is for the actual establishment of the grade on the land, the physical change. Prior to the act of 1891 there could have been no recovery of damages for the establishment or change of the paper or office grade of the highway in question. The owner must wait for his compensation until the physical change came to be made upon the ground: Change of Grade in Plan 166,

143 Pa. 414; Ogden v. Philadelphia, 143 Pa. 430.   It had been earnestly contended that this sometimes involved a hardship, for the regulation or office grade being duly established, the owner was bound to take notice of it in his subsequent building operations, and might be deprived of the beneficial enjoyment of his lands.   The amount of the depreciation in property resulting from a paper grade must be more or less speculative, but it was urged that compensation ought to be made to the owner without requiring him to wait for the physical change in the grade of the street.   The act of May 26, 1891, was the result of this contention.   Assuming that act to be constitutional, its effect is to add to the elements to be considered by viewers in proceedings for the opening of streets.   The damage resulting from the office or paper grade must be determined in the proceeding to open the street.   The purpose of the legislation was to compensate owners at the time of the opening of the street for the injury to their property caused by the regulation, or office grade, without regard to whether the actual change of grade was made at that time or not.   Before that legislation the viewers, in assessing damages and benefits resulting from the actual grade of a street, considered the costs and expenses of doing the work and the damages resulting to property as separate elements, but distributed the aggregate upon properties peculiarly benefited, if such properties they found.   No person seems to have suggested that the city ought to be permitted to collect the cost of a prospective grading of the street, at the time it was opened, when there was no present intention of actually doing the work.   There is nothing in the language of the act of 1891 which would warrant us in holding that a city may, in a proceeding to open a street, recover the prospective costs and expenses for making a physical change of grade when the municipal authorities have taken no steps whatever to cause said work to be done.   The act of 1891 relates to the right of the owner to damages resulting from an established paper grade, and has no bearing upon the right of the city to recover for the expenses of making the physical change.

The judgment is affirmed.