## Lageman, Appellant, *v.* Pittsburg.

*Road law—Change of grade—Damages—Report of viewers—Act of May 26, 1891, P. L. 117.*

1. Where a street is created by ordinance, and viewers are appointed pursuant to the statute to determine the benefits and assess the damages resulting from such improvement, any damage to an abutting property owner resulting from the grade of the street established by the ordinance must be taken into consideration by the viewers and awarded to the person injured, in their report; and where the viewers do not allow any damage because of the grade fixed, the owner alleging himself to be injured, must pursue the statutory remedy for relief, and

if the report of viewers be finally confirmed without objection on his part, he is estopped from claiming damages in a subsequent proceeding for the awarding of damages, or the assessment of benefits growing out of the actual grading and paving of the street.

2. Under the Act of April 2, 1903, P. L. 124, a report of viewers when finally confirmed by the court is conclusive as to any assessment made to pay the costs of a street improvement.

Argued May 2, 1911.   Appeal, No. 43, April T., 1911, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1907, No. 82, on verdict for defendant in case of William J. Lageman v. City of Pittsburg.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Appeal from report of viewers.   Before EVANS, J.

At the trial the defendant made the following offer:

Mr. Drew: I offer in evidence an ordinance authorizing the opening of Chislett street from the south line of the property of Martin Reichenecker to the division line of the property of C. A. Halley and Samuel Garrison's plan of lots, and the assessment of damages caused by the grade of the same; ordinance of the city of Pittsburg, approved by the mayor December 14, 1899.

Mr. Drew: I intend to follow this offer up by offering the proceedings of the board of viewers upon this ordinance, showing that it does cover the property.

Mr. Balph: I object as incompetent and irrelevant. That will cover it generally.

Objection overruled.

Mr. Drew: Also offer in evidence the proceedings of his court at No. 202, May Term, 1900, in the matter of the opening and damage by grade of Chislett street, from the south line of the property of Martin Reichenecker, to the division line of the property of C. A. Halley and Samuel Garrison's plan of lots, eighteenth ward.

Mr. Balph: That includes the report of viewers, does it?

Mr. Drew: Also the profile and plan which is attached

to that proceeding, showing the grade as it affected the property of this plaintiff, William Lageman, on the lower side of Chislett street.

Mr. Balph: Well, that includes the report of the board of viewers?

Mr. Drew: Yes, that is in this proceeding. It is all here.

Mr. Balph: That is all objected to as incompetent and irrelevant for the following reasons:

First, because it appears from said report that neither damages nor benefits were assessed or were considered by the board of viewers appointed in said proceeding.

Second, because under the Act of May 26, 1891, P. L. 117, the damage to grade therein referred to, is the damage caused by the paper grade, and not the damage by reason of the work in the actual grading on the ground.

Third, because by the terms of the Act of May 26, 1891, P. L. 117, it is only in event that damages for the taking are allowed, that damages due to the grade are to be allowed.

Fourth, because the city of Pittsburg has, as shown by the record in this case, petitioned this court for the appointment of viewers to assess damages and benefits arising from the grading, paving and curbing of the street in question, and the defendant, said city, is therefore, estopped from alleging that damages from said grading have been adjudicated.

Fifth, because the appointment of viewers at No. 202, May Term, of this court, was to assess damages and benefits to the opening, and consideration of the grading of only a portion of that part of Chislett street for which the grading, paving and curbing was authorized by the ordinance of June 30, 1900, and for only a portion of the street for which viewers were afterwards appointed, at No. 301, February Term of this court, to assess damages and benefits for the grading, paving and curbing.

Objection overruled. [1]

Verdict and judgment for defendant for $399. Plaintiff appealed.

*Errors assigned* were (1) rulings on evidence quoting the bill of exceptions; (2) in directing a verdict for defendant.

*R. A. Balph*, with him *James Balph*, for appellant.— It is the physical change and not the mere establishment on the ground of the official plans, that gives a right of action, and no damages are recoverable for the change of grade until the actual work on the ground is begun: In re Plan 166, 143 Pa. 414; Ogden v. Phila., 143 Pa. 430; Clark v. Phila., 171 Pa. 30; Phila. 'Ball Club v. Phila., 192 Pa. 632; Howley v. Pittsburg, 204 Pa. 428.

The act of May 26, 1891, nowhere provides in direct or express terms, that a different rule is intended to be established.

A property holder who is assessed with benefits by viewers appointed under the act of May 16, 1891, P. L. 75, is entitled to take an appeal from the assessment of benefits to the court of common pleas and to have a trial by jury: Mount Pleasant Ave., 171 Pa. 38.

*Lee C. Beatty*, with him *C. A. O'Brien* and *James B. Drew*, for appellee.—Where in proceedings under the Act of May 26, 1891, P. L. 117, viewers have allowed damages for the opening and grading of a street to an established grade, a subsequent purchaser of land abutting on the street cannot recover damages for the physical change of grade to the established grade: Sedgley Ave., 217 Pa. 313; Greentree Avenue, 21 Pa. Superior Ct. 177; Tabor Street, 26 Pa. Superior Ct. 167; Winter Avenue, 23 Pa. Superior Ct. 353; Ogontz Avenue, 225 Pa. 126.

Under the circumstances of this case, appellant had no right to appeal from the award of the board of viewers, the assessment being solely for the purpose of paying his proportionate share of the cost of the improvement: Murdoch v. Pittsburg, 223 Pa. 280; Brackney v. Crafton Boro., 31 Pa. Superior Ct. 413; Seventh Street Sewer, 35 Pa. Superior Ct. 484; Fraser v. Pittsburg, 41 Pa. Superior Ct. 103; Harrisburg v. Forster, 39 Pa. Superior Ct. 238.

OPINION BY HENDERSON, J., July 13, 1911:

By an ordinance adopted by the city councils December 11, 1899, Chislett street was opened from the south line of property of M. Reichenecker to the division line of property of Halley and Garrison's plan of lots, in accordance with a plan on file in the department of public works approved November 14, 1887. This plan fixed the grade of the street as well as its width and length. Afterwards a petition was presented by the city of Pittsburg to the court of common pleas at No. 202, May Term, 1900, for the appointment of viewers to ascertain the damages and assess the benefits of opening and the damages from the establishment of the grade "including the assessment of damages due to the grade at which said street is to be opened." Pursuant to this petition the court appointed viewers who filed a report in which they included "all damages due to the grade at which said street is to be opened" and attached to the report was a profile or plan showing the existing grade as ordained by the city. This report was confirmed without objection. The appellant owned a lot on the street as established by the ordinance referred to but was not awarded damages on account of the grade of the street. On June 25, 1900, an ordinance was passed authorizing the grading, paving and curbing of Chislett street from the south line of M. Reichenecker's property to the north line of Witherspoon street and under this ordinance the city graded, paved and curbed that portion of the street in the ordinance described. Viewers were appointed on the petition of the city to ascertain the damages and assess the benefits occasioned by this improvement and from the report of the viewers the plaintiff appealed to the court of common pleas. At the trial there the court directed the jury to return a verdict of $399 in favor of the defendant, that being the amount of benefit charged against the plaintiff for the improvement of the street in front of his lot. The complaint now presented is that the court erred in permitting the defendant to put in evidence the ordinance of Decem-

ber 11, 1899, and the proceedings at No. 202, May Term, 1900, relating to the opening and establishing the grade of Chislett street along the property of the plaintiff. The offer of this record involved the question whether the plaintiff was bound by the action of the viewers in that case or whether he might claim damage in the proceeding providing for the grading, paving and curbing of the street. The injury alleged by him was the establishment of a grade for the street opened under the ordinance of December 11, 1899, which left his property about thirty feet below the surface of the street. The evidence of the ordinance opening and fixing the grade of the street and the proceedings thereunder was introduced to show that the appellant was concluded by the action in that case. The position of the city was that under the act of May 26, 1891, in all cases of assessment of damages for the opening of a street in a city the award of damages must include all damages due to the grade at which the street is to be opened and that the adjudication in the former case is binding on the appellant. That this is the correct view we think apparent from the act of 1891 and the interpretation put on it by the Supreme Court and this court. The words of the act are: "In all cases of assessment of damages for the opening or widening of any street or highway in any city in this Commonwealth the award of damages, if any, shall include all damages due to the grade at which said street or highway is to be opened or widened, and the plan attached to the report of the viewers awarding the damages shall have therein a profile plan showing the existing grade." Prior to the passage of this act the owner could not recover damages for the establishment merely of the grade of the street. He must wait for his compensation until the street was actually graded: Ogden v. Philadelphia, 143 Pa. 430. Because of the apparent hardship resulting from this rule in many cases, on account of the loss in value to the owner in anticipation of damage to his property by the grade without an opportunity on his part to secure compensa-

tion, the act of May 26, 1891, was enacted. Its object was to secure to owners compensation at the time of the opening of the street for damage to their property caused by the established grade notwithstanding the fact that there was no actual change in the condition of the property at the time. It was accordingly held in Tabor Street, 26 Pa. Superior Ct. 167, that the claim of a property owner for the opening and grading of a street must be asserted as an entirety and if he omit any part of it which he could legally assert at that time he is estopped from afterwards setting it up. This was also the conclusion in Sedgley Avenue, 217 Pa. 313. The same view was expressed in Ogontz Ave., 225 Pa. 126, where Justice ELKINS said: "As to abutting owners the act of 1891 clearly contemplates that all damages shall be assessed in a single proceeding and shall accrue to those persons entitled thereto at the time of the assessment and not to subsequent purchasers." We regard it as settled, therefore, that where a street is created by ordinance and viewers are appointed pursuant to the statute to determine the benefits and assess the damages resulting from such improvement any damage to abutting property owners resulting from the grade of the street established by the ordinance must be taken into consideration by the viewers and awarded to the person injured in their report; and where as in the present case the viewers did not allow any damage because of the grade fixed, the owner alleging himself to be injured must pursue the statutory remedy for relief and if the report of viewers be finally confirmed without objection on his part he is estopped from claiming damages in a proceeding for the awarding of damages or the assessment of benefits growing out of the actual grading and the paving of the street. The appellant contends that Greentree Ave., 21 Pa. Superior Ct. 177, supports his view, but an examination of it will show that it is in harmony with the other cases in regard to the effect of the act of 1891. It related to the right of the city to recover for the expenses of making the

physical changes before they were actually made while the act of 1891, establishes the right of the owner to damages when the grade is finally established.

The assessments charged against the appellant and the other property owners included only the cost of grading, paving and curbing the street and as there was no controversy in regard to the several amounts so fixed and the report was confirmed by the court the assessment is conclusive. The Act of April 2, 1903, P. L. 124, provides that the report of viewers when finally confirmed shall be conclusive as to any assessments made to pay the cost of any sewer, street or other improvement. The amount of the defendant's liability for the paving and grading was therefore undisputed and his liability fixed. The learned judge of the court below had a correct view of the law and the instruction of the jury was in harmony therewith.

The judgment is affirmed.