## Wanamaker, Appellant, v. Philadelphia.

*Evidence—Trials—Witnesses—Experts—Opinion evidence.*

In an action to recover damages for injuries to real estate caused by the widening of a street abutting thereon, it was not error to permit an expert witness testifying for defendant to state in general language that the plaintiff had suffered no injury by the appropriation of the land, without fixing the value of the land before and after the taking, such evidence being admissible in corroboration of other witnesses who definitely fixed the amount of such values.

Argued March 25, 1915. Appeal, No. 304, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., June T., 1909, No. 1091, on verdict for defendant, in case of John Wanamaker v. City of Philadelphia. Before Brown, C. J., Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

·: Trespass to recover damages for injuries to real estate alleged to have been sustained in consequence of the

widening of a street abutting thereon. Before WILLSON, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, were rulings on evidence.

*Maurice Bower Saul* and *John G. Johnson,* with them *Wm. L. Nevin,* for appellant.

*Edwin O. Lewis,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellee.

PER CURIAM, May 17, 1915:

The main contention of appellant is that it was error to permit the witness, Deakyne, to testify in general language that the plaintiff had suffered no injury by the appropriation of five feet of his land for the purpose of widening Chestnut street without fixing in dollars and cents the value before and after the taking. In several cases it has been held that testimony of this character is admissible at least in corroboration of others who give definite figures: McTerren v. Mont Alto R. R. Co., 2 W. N. C. 40; Dawson v. Pittsburgh, 159 Pa. 317; Darlington v. Allegheny City, 189 Pa. 202; Hewitt v. Pitts., Shawmut & Northern R. R. Company, 19 Pa. Superior Ct. 304; Hill v. Oakmont Borough, 47 Pa. Superior Ct. 261. Under the facts developed at the trial the witness was entirely competent to testify at least as to the relative value, and under the authority of the cases cited it did not constitute reversible error to do so without giving definite figures.

The other assignments are without substantial merit.

Judgment affirmed.