## Groff v. Phila., Appellant.

*Damages for change of grade of street.*

Where a property-owner erected a house on his lot after the confirmation of the plan fixing the grade of a street, it seems that he is restricted in his right to recover to injury done to his land alone by the grading of the street, and injury to his house as an item of damage is properly excluded.

Argued April 4, 1892.  Appeal, No. 290, Jan. T., 1892, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1891, No. 974, on verdict for plaintiff, Hicks N. Groff. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

-Trespass for change of grade of street.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were same as in preceding case.

*E. Spencer Miller*, assistant city solicitor, with him *Charles B. McMichael*, assistant city solicitor, and *Charles F. Warwick*, city solicitor, for appellant.

*Thomas Leaming*, *Henry C. Terry* with him, for appellee, cited Plan 166, 143 Pa. 414.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

This case was argued with O'Brien v. City of Philadelphia, Apt., No. 355 of January Term 1892, [the preceding case,] and depends on substantially a similar state of facts, except in this, that plaintiff erected a house on his lot after the confirmation of the plan of 1871, fixing the grade of Haines street.  The learned trial judge, however, rightly excluded injury to said house as an item of damage, and restricted plaintiff's right of recovery to injury done to his land alone by the grading of said street.   With this exception both cases involved the same general question.   For reasons given in opinion just filed in the case referred to, we think there was no error in the rulings complained of, and the judgment should be affirmed.

Judgment affirmed.

[See also the preceding and succeeding cases.]