# Devlin, Appellant, *v.* Philadelphia.

*Road law—Change of grade—Damages—Paving street.*

It is the physical change and not the mere establishment of a grade on the official plans which gives a right of action, and no damages are recoverable for the establishment of the grade until the actual work of grading is begun.

A person who owns land on both sides of a street on a city plan with a grade established above the natural surface, cannot, after he has built houses according to the established grade, and, with the permission of the city authorities, paved the street according to the established grade, recover damages for injuries to his land caused by the elevation of the natural surface of the street to the established grade.

Argued Jan. 21, 1903. Appeal, No. 260, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1899, No. 824, refusing to take off nonsuit in case of John

Devlin v. Philadelphia.     Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Appeal from award of viewers.   Before MCCARTHY, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*John C. Bell,* for appellant.—As the city in the case at bar, pursuant to ordinance, did in fact make a contract with the plaintiff to pave Gerritt street to the established grade and do all filling and leveling necessary to complete such pavement at such established grade, which contract was duly performed, the plaintiff is clearly entitled to recover just compensation for the injury to his lots resulting from such filling and paving at said established grade : Dickson v. Meadville, 23 P. L. J. 127 ; New Brighton Borough v. United Presbyterian Church, 96 Pa. 331 ; Hendrick's Appeal, 103 Pa. 358 ; Ogden v. Phila., 143 Pa. 430 ; O'Brien v. Phila., 150 Pa. 589 ; Groff v. Phila., 150 Pa. 594.

*J. Lee Patton,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellee.—The plaintiff in this case is not entitled to recover.   The city of Philadelphia made no physical change in the bed of Gerritt street, nor did councils authorize any physical change to be made in the bed of the street.   For the mere plotting of a street, or mere establishment of a paper change of grade no action arises : In re Plan 166, 143 Pa. 414 ; Ogden v. Phila., 143 Pa. 430.

The plaintiff in this case obtained a mere license from the city to enter upon the highway and pave and grade the same for his own benefit.   This he could not have done without the permission of the city.   In his agreement with the city, plaintiff expressly stipulated, in accordance with the terms of the ordinance, that the work was to be done without cost to the city, and further expressly assumed all liability for damage to persons or to property.   Plaintiff therefore is certainly not entitled to recover: Axford v. Philadelphia, 46 Legal Int. 6 ; Groff v. Philadelphia, 150 Pa. 594.

OPINION BY MR. JUSTICE FELL, July 9, 1903:

The plaintiff purchased land abutting on both sides of a private street. Soon after his purchase the street was placed on the city plan, and its grade was established at about two feet above the natural surface. Desiring to build houses on this land, he applied to the district surveyor to have the house lines and grade lines marked on the ground, and he erected his buildings in accordance with these lines. When the buildings were completed he applied to the department of public works for permission to pave the street, and permission was granted in pursuance of authority given the department by ordinance of councils, upon condition that the plaintiff should do all the work necessary to complete the pavement to the finished grade and furnish all materials therefor, maintain the pavement for three years from the date of its completion, and be responsible for all losses to person or property that might result from the prosecution of the work during its progress. After the completion of the work, he brought this action against the city to recover damages for injuries to his land caused by the elevation of the natural surface of the street to the established grade.

The rule established by our cases is that it is the physical change, and not the mere establishment of a grade on the official plans, that gives a right of action, and no damages are recoverable for the establishment of the grade until the actual work of grading is begun : In re Plan 166, 143 Pa. 414 ; Ogden v. Philadelphia, 143 Pa. 430 ; Clark v. Philadelphia, 171 Pa. 30 ; Howley v. Pittsburg, 204 Pa. 428. This is conceded by the appellant, but he claims a right of action on two grounds : (1) that he was obliged by the city to build at the established grade, and that his land was injured by reason thereof ; (2) that the city in fact contracted with him to pave the street to the established grade, and that the elevation of the natural surface of the street was its act.

Neither position is tenable. The appellant in building was required to keep within his own lines, and not to encroach upon the street. He was not obliged to conform to the established grade, but was at liberty to build on the ground as he pleased. If he built without regard to the grade lines, he could not recover for injury to his lots when the grading

should be done, but he was under no compulsion. The case is clearly distinguishable from Philadelphia v. Linnard, 97 Pa. 242, and In re Widening of Chestnut Street, 118 Pa. 593, in which the owners of properties on Chestnut street were obliged in rebuilding to recede from the former building line to a new one that had been established. There was no contract that imposed a liability on the city. The ordinance under which the appellant asked and obtained permission to enter upon and pave the street authorizes the director of public works, in his discretion, to permit owners to pave and repave streets in front of their properties. It fixes the materials to be used, and directs that the paving shall be done in the usual manner under the direction of the department and without cost to the city. The object of the ordinance is to enable property owners who have built in advance of street improvements to pave streets, and others to repave with new and more expensive materials for their own advantage. The ordinance does not refer to the subject of grading, and it was not intended to provide for it except as it became necessary incidentally in order to make a proper pavement. The contract was not to do work for the city. It was intended merely to secure the city in the event of the failure of the appellant to do what he agreed to do if permitted. The requirement that he should pave to the established grade if he paved at all was one of the conditions of the grant of permission. This was what he wanted to do. He had built his houses at that grade, and a pavement on the natural surface would have been of little value to them. The city did not cause the grading to be done, but merely granted the appellant a license to do it for his advantage. If, in securing the advantage, he sustained an incidental loss, it is the result of his own act, and a part of the cost of the privilege he sought and used.

The judgment is affirmed.