# First Presbyterian Church v. Pittsburg, Appellant

*Road law—Widening of street—Taking of land—Damages—Charge—Expert witness.*

1. In an action against a city to recover damages for the taking of a portion of plaintiff's property used for church purposes, in widening a street, the court cannot be convicted of error in charging that: "In estimating the damage sustained by the plaintiff the jury should consider the value of the plaintiff's whole property for its most valuable use or purpose before the taking and the effect upon its value for such use of the taking of a portion of the land by the city."

2. A witness who testifies that he has knowledge of the value of a property before a portion of it was taken by a city, may testify as to such knowledge although he states that he had no knowledge of the value after the taking.

Argued Oct. 23, 1908.    Appeal, No. 181, Oct. T., 1908, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. Term, 1903, No. 1,074, on verdict for plaintiff in case of Trustees of the First Presbyterian Church of Pittsburg v. City of Pittsburg.   Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Affirmed.

Appeal from report of jury of view.   Before MACFARLANE, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $69,696.   Defendant appealed.

*Errors assigned* were (1) affirmance of plaintiff's point, quoted in the opinion, and in permitting a witness for the plaintiff to testify as to the market value of the property before the taking, although he had no knowledge of the value after the taking.

*A. M. Thompson*, with him *W. B. Rodgers* and *Lee C. Beatty*, for appellant.

*J. M. Stoner*, with him *R. B. Petty* and *M. W. Stoner*, for appellee.

PER CURIAM, January 4, 1909 :

A part of the plaintiff's property used for church purposes was taken by the city of Pittsburg in widening a street. The court affirmed the following point presented by the plaintiff : " In estimating the damage sustained by the plaintiff the jury should consider the value of the plaintiff's whole property for its most valuable use or purpose before the taking and the effect upon its value for such use of the taking of a portion of the land by the city." It is argued that this instruction limited the finding of value after the taking to the particular use that had been the most valuable use before, while the real test was its highest value for any use for which it was adapted. The words " for such use " in the connection in which they were used refer to the most valuable use and not to the particular use that had been the most valuable before, and could not have misled the jury in view of the clear and distinct instruction repeated in the charge that the most valuable use whether for church or business purposes was the use to be considered.

A witness for the plaintiff testified that he knew the value of the property before the taking, but had no knowledge of its value after. His testimony as to the value before was objected to on the ground that he was incompetent to testify as an expert unless he knew the values both before and after the taking. The objection was without merit. The object in view was the ascertainment of the difference in values. That the witness could not testify to this because of his want of knowledge of one of the essential elements in its ascertainment was not a reason for excluding his testimony as to what he knew. If the other element, the value after, was fixed by other testimony, the jury would be in possession of facts to enable them by comparison of the values to fix the damages.

None of the assignments of error can be sustained.

The judgment is affirmed.