## Lawrence McFadden Company *v.* Philadelphia, Appellant.

*Road law—Change of grade—Municipal ordinance—Pleading.*

1. An agreement of counsel to waive pleadings does not relieve a plaintiff from proving his case with the same measure of proof necessary to establish it as if such agreement had not been entered into.

2. On an appeal from an award of viewers in a change of grade proceeding, where counsel have agreed to waive pleadings, and it appears that all the plaintiff was required to do was to show that the work was actually done pursuant to some existing municipal authority, the production of an unrepealed ordinance, meeting the situation, is all that is required to show existing municipal authority.

3. If in such a case the city alleges that the work was done under a later ordinance, it must produce in evidence such ordinance. The

mere testimony of a clerk that the contract for doing the work was let under the later ordinance, is insufficient.

4. An ordinance is not an enactment of which judicial notice may be taken. The existence of the ordinance must be proved like any other fact.

5. On the trial of an appeal from an award of viewers in a change of grade proceeding, evidence is admissible to show what uses the property was capable of, and how such uses had been interfered with.

6. In such a case the amount and cost of filling required to make the lot conform to, or be available for use at the new grade are competent, not as independent items of damages, but as elements to be taken into consideration by the jury, together with the other circumstances, in determining the market value of the property before and after the change of grade.

*Practice, C. P.—Trial—Withdrawal of juror—Continuance of case—Discretion of court.*

7. The appellate court will not review the discretion of the trial judge in overruling a motion to withdraw a juror and continue the case, because a witness who had testified adversely to plaintiff at a previous trial failed to appear and testify for the defendant at the subsequent trial, where it appears that the plaintiff's counsel had advised the witness that he had not been legally subpœnaed, but also advised him to appear, and that the reason for the witness not being present was on account of an injury received shortly before the case went to trial on the second day, and that he had no intention to disobey the subpœna.

Argued Oct. 12, 1914. Appeal, No. 55, Oct. T., 1914, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1910, No. 671, on verdict for plaintiff in case of Lawrence McFadden Company v. Philadelphia. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Appeal from award of jury of view. Before BALDRIDGE, J.

At the trial it appeared that the plaintiff claimed damages for a change of grade of Fourth street between Bristol and Cayuga streets in the city of Philadelphia.

The facts are stated in the opinion of the Superior Court.

When John J. Crout, a witness for plaintiff, was on the stand he was asked this question:

Mr. Warner: "Q. What did you take into consideration?  A. I took into consideration that this lot will have to be filled, the smokestack will have to be raised, these fires will have to be raised——" (Objected to.)

Mr. Mead: That has nothing to do with the value of the real estate.

The Witness: "I mean the four furnaces used to melt varnish."

Objection overruled.

Exception for defendant. [1]

The Court: "Q. What do you mean by fires?  A. They are furnaces built right on the surface of this ground and used for melting varnish.  The smokestack comes down there, and these four furnaces would only be used in this special business, for melting varnish, and they are right out in the open and the water backs up from this and puts these fires out.

Mr. Mead: I ask that the latter portion of this answer be stricken out.

Motion overruled.

Exception for defendant. [2]

When Wm. Norris, a witness for plaintiff, was on the stand this offer was made:

Mr. Warner: I offer to prove by the witness a description of the property more completely than can be brought out by real estate experts, and particularly the usage for which the different buildings are put and have been put, also the condition of the plant before the city undertook to change the grade, as regards being relieved from the surface water, and the condition of the plant after the change of grade with regard to the difficulties arising from surface water and the effect in rainy weather of the change of grade of Fourth street.

Mr. Mead: I object to the offer except so far as it relates to the description of the property.

Objection overruled.

Exception for defendant. [3]

"Q. What is the effect of the water when it enters these different buildings on the activities which you are carrying on there?"

Objected to.

The Court: I will allow him to say if it gets on the floor and how deep it gets.

Exception for defendant. [4]

Defendant moved to withdraw from and continue the case in consequence of the failure of George Franz, superintendent of the plaintiff company's plant, to appear in answer to subpœna, after being advised by plaintiff's counsel that he had not been legally subpœnaed, as follows:

Mr. Mead: I offer in evidence this subpœna containing the name of George Franz. I think, under the circumstances, that a grave injustice will occur to the city's defense in this case, for which we are not in any way to blame. It seems to me that it is of sufficient gravity to make necessary a motion for the withdrawal of a juror in the case.

The Court: The motion is overruled. Exception. [5]

Defendant presented these points:

6. Inasmuch as the grading of Fourth street, from Bristol street to Cayuga street, was done under a different ordinance from that under which these proceedings originated, the plaintiff cannot recover in this case. *Answer:* Refused. [6]

7. Inasmuch as the plaintiff's right to collect damages from the city depends upon the actual commencement or performance of the grading of Fourth street, and as no such grading was done under the ordinance of April 9, 1910, the plaintiff cannot recover in this case. *Answer:* Refused. [7]

8. Under all the evidence the jury's verdict should be for the defendant. *Answer:* Refused. [8]

Verdict for plaintiff for $1,200, upon which judgment was entered for $1,000, all above that amount having been remitted. Defendant appealed.

*Errors assigned* were (1–4) rulings on evidence; (5) refusal to withdraw a juror and continue the case; (6–8) above instructions, quoting them.

*Glenn C. Mead,* with him *Edwin O. Lewis,* assistant city solicitors, and *Michael J. Ryan,* city solicitor, for appellant.—In a land damage suit the measure of damages is the difference between the fair market value of the property affected by the public improvement before such improvement is undertaken and its value immediately thereafter: Chambers v. South Chester Borough, 140 Pa. 510; Dawson v. Pittsburg, 159 Pa. 317; Larkin v. Scranton, 162 Pa. 289; Philadelphia Ball Club v. Philadelphia, 192 Pa. 632; Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411; Shenango & Allegheny R. R. Co. v. Braham, 79 Pa. 447.

Any interference by one party with proper efforts to secure attendance of witnesses tends to defeat justice: Crafts v. Union Mut. Fire Ins. Co., 36 N. H. 44; Barron v. Jackson, 40 N. H. 365.

Where important testimony fails to be produced through disingenuous conduct of one of the parties, a new trial should be granted: Scherff v. Darby Borough, 9 Del. Co. 331.

A municipal ordinance is a prerequisite for street grading: Chester v. Eyre et al., 181 Pa. 642; Kittanning Borough v. Thompson, 211 Pa. 169; McKaeig v. Philadelphia, 53 Pa. Superior Ct. 591.

*Frederick H. Warner,* for appellee.—In estimating the market value of the land everything which gives it intrinsic value is a proper element for consideration: Hill v. Oakmont Borough, 47 Pa. Superior Ct. 261; Ehret v. Schuylkill River East Side R. R. Co., 151 Pa. 158; Shaffer v. Reynoldsville Borough, 44 Pa. Superior Ct. 1.

The refusal of the trial judge to withdraw a juror was justified: Scriber v. Reeves, 1 Phila. 284.

OPINION BY KEPHART, J., February 24, 1915:

The plaintiff is the owner of a lot of ground situated on the northeast corner of Fourth and Bristol streets, on which is erected a paint factory. The lot sloped from Bristol street northwestward and the surface water drained over Fourth Street. The city of Philadelphia graded Fourth street from Bristol to Cayuga street, leaving Fourth street above plaintiff's property at some places eighteen inches. After the street was elevated, the water from heavy rains dammed back from Fourth street over the plaintiff's lot, filling the fire and varnish pits which had been constructed below the surface of this land, and covered the basement floors of some of the buildings. As the city's authority for making the improvement the plaintiff on trial relied on an ordinance of April 9, 1910. This ordinance provided for the grading and paving of Fourth street and authorized a contract to be awarded for the work required. The city submits that the work was not done in pursuance of this ordinance but the authority for grading the street was contained in the ordinance adopted in 1912, a different ordinance from that under which these proceedings originated and therefore the plaintiff cannot recover in this case. Ordinarily the grading of a street can only be done under valid, existing, municipal authority, as may be contained in proper legislative action by the council of the municipality, and is usually under the authority of an ordinance: Hicks v. Williamsport, 235 Pa. 509.

The proceedings in this instance are under the Act of March 16, 1891, P. L. 75, and the practice thereunder is set forth in the opinion of our Brother PORTER, In Re Thirteenth Street, 38 Pa. Superior Ct. 265. At the time the petition was presented under the ordinance of 1910 no work had been done. The city filed an appeal from the award of the viewers, alleging that the damages awarded were excessive. Shortly after the appeal was taken counsel representing plaintiff and defendant made an agreement, in writing, that "at the trial of the above

VOL. LIX—4

cause pleadings shall be waived and the issue to be tried shall be whether in the change of grade . . . . the said claimant was damaged or benefited." When the appeal was finally heard the work had been completed and the street duly graded.

Under the authority of In re Thirteenth Street, supra, and Devlin v. Philadelphia, 206 Pa. 518, the plaintiff would be entitled to recover damages in this proceeding unless the ordinance of 1912 defeats his right. We do not know, from the record that is here presented, what was contained in this 1912 ordinance. The city did not offer the ordinance in evidence. The city merely had a clerk testify that the contract, for doing this work, was let under the 1912 ordinance. This was not sufficient. There should be placed upon the record such evidence upon which this appellant, the city, relies for its defense; so that from an investigation of the record an appellate court may determine whether there is any merit in the contention made by the appellant. An ordinance is not an enactment that judicial notice may be taken of; its existence must be proved like any other fact. If the city relied on another and distinct authority under which this work was done, and held that authority as a legal ground of defense, it was incumbent upon it to place in evidence the ordinance containing such authority. If there was a pre-existing ordinance covering the same subject, this later ordinance must contain such inconsistent provisions that it could not be construed as being in pari materia with the prior ordinance. In the printed argument there is a statement that the 1910 ordinance is an exact duplication of the 1912 ordinance. The latter ordinance is not printed. Where a later ordinance is not inconsistent with a prior ordinance and relates to the same subject-matter, they should be construed together and effect given to both, although they may contain no reference to each other. Should there be a conflict in the terms and provisions of the ordinances a different question

would arise: City of Erie v. Griswold, 5 Pa. Superior Ct. 132.

As to this phase of the case, all that the plaintiff in this action was required to do was to show that the work was actually done pursuant to some existing municipal authority; the ordinance of 1910, standing unrepealed, met this situation.

The agreement of counsel to waive pleadings does not relieve the plaintiff from proving its case with the same measure of proof necessary to establish a case against the city as if such agreement had not been entered into. This the plaintiff did. The sixth, seventh and eighth assignments of error are overruled.

As to the effect of heavy rains on this property, emphasizing the interference in the use to which the property has been put, Fourth street and plaintiff's property had been on the same level and the buildings had been erected prior to any confirmed grade. It has frequently been held that evidence is admissible to show what uses a property was capable of and how such uses have been interfered with. It has always been held competent to show, where property is damaged under the right of eminent domain, ingress and egress has been interfered with, or that the change in the grade of a street level with plaintiff's property left it in a depression or on an elevation which could be remedied by raising or lowering the house, filling in or excavating the ground, though the process might entail the loss of trees and shrubbery, or that the improvement interfered with the use of the property for duck-breeding purposes and the value of the property for such purposes, or that the manufacture of coal-tar business had been interfered with: Dawson v. Pittsburg, 159 Pa. 317; Patton v. Philadelphia, 175 Pa. 88; Cox v. Phila., etc., Railroad, 215 Pa. 506; Ehret v. Schuylkill River, etc., Railroad, 151 Pa. 158; Coons v. McKeesrocks Borough, 243 Pa. 340; Hill v. Oakmont Boro., 47 Pa. Superior Ct. 261.

The statement of the law by Mr. Justice MITCHELL, in Patton v. Philadelphia, supra, covers the question involved and is as follows: "Where a street is opened at a grade that leaves the adjoining property in a depression, the expense of putting the property in condition to make use of the street was held, in Dawson v. Pittsburg, 159 Pa. 317, to be one of the elements of damages. . . . The offers of evidence therefore, as to the amount and cost of filling required to make the lot conform or be available for use at the new grade were competent and should have been admitted not as independent items of damages, but as elements, to be taken into consideration by the jury, together with the other circumstances, in determining the market value of. the property before and after. . . ." There was no evidence as to any special interference with the business other than could be logically inferred from the testimony of the physical condition as affected by the rain, that the varnish and fire pits were filled with water, but there was no time specified that the plant was out of business. The learned judge, specially presiding, in his charge to the jury, concisely and exactly stated the law, as follows: "You may consider these different elements not as distinct and separate items but you can consider them in coming to your determination as to whether or not the market value of this property has been affected by reason of the change of grade." The first, second, third and fourth assignments of error are overruled.

The fifth assignment of error complains of the acts of the trial court in overruling appellant's motion to withdraw a juror and continue the case, because a witness who had testified adversely for the plaintiff at a previous trial failed to appear and testify for the defendant at the subsequent trial. The witness was subpœnaed after the case had gone to trial and was advised by appellee's counsel that he had not been legally subpœnaed. The testimony of appellee's counsel indicated that, while he suggested to the witness that he had not been

legally subpœnaed, he did advise him to appear at the trial and fully expected him to be present; and it further appears, that the reason for this witness not being present was on account of an injury received shortly before the case went to trial on the second day.

The trial court should not hesitate to condemn any practice which would result in the suppression of testimony material to a full and fair investigation of the case, and where such matters plainly appear to the court, the offending party should not be permitted to enjoy the fruits of a verdict thus obtained by misconduct on the part of the litigants or their counsel. The question here involved is first addressed to the discretion of the trial court, and from the evidence we do not think that there was any abuse of that discretion in the refusal of the trial court to continue the case generally or to continue it until the following day. The defendant should not have relied upon the plaintiff to subpœna this witness at the second trial. Under the rules of the courts of Philadelphia county appellant was not entitled to an attachment which would have caused a continuance of the case for a day or the term. The witness, failing to appear, because of an accident, shown to the court through an examination made by defendant's physician, did not intend to disobey the subpœna. The fifth assignment of error is overruled.

Judgment affirmed at the cost of the appellant.