## Kline et ux. *v.* McKeesport, Appellant.

*Road law—Change of grade—Damages—Municipal ordinance—Pleading.*

In an action to recover for damages to real estate, caused by the change of grade in a city street, it is sufficient for the plaintiffs to show ownership at the time the grading was done and, having proved the injury, that the improvement was made by the proper municipal authorities.

The fact that the plaintiffs did not conform to a certain grade when the house was built is a matter of defense. It was part of the city's case to offer the ordinance by which it was alleged the grade was established, and it was equally the city's part to prove that at the time the ordinance was passed the property had not been improved, that the building was built after the passage of said ordinance and was subject to the grade established in it. On failure of the municipality to prove these facts by sufficient evidence a verdict for plaintiff will be sustained.

Argued April 25, 1924. Appeal, No. 98, April T., 1924, by defendant, from judgment of C. P. Allegheny Co., April T., 1915, No. 2366, on verdict for plaintiff in the case of Mollie Kline, Edward Kline and Martin D. Kline v. City of McKeesport. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from award of Board of Viewers. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

At the trial it appeared that the plaintiffs claimed damages for a change of grade on Ash Street in the City of McKeesport.

Verdict for plaintiffs in the sum of $450, on which judgment was entered. Defendant appealed.

*Errors assigned* were, among others, answers to points submitted by the defendant and refusal to grant a new trial.

*Harry M. Jones,* City Solicitor, for appellant, cited: Groff v. Phila., 150 Pa. 594; Axford v. Phila., 19 Phila. 483; Devlin v. Phila., 206 Pa. 518; People of New York v. Muh et al., 101 App. Div. N. Y. 423.

*John F. Gloeckner,* for appellee, cited: O'Brien v. Phila., 150 Pa. 589; Howley v. Pittsburgh, 204 Pa. 428; Borough of New Brighton v. Peirsol, 107 Pa. 280.

OPINION BY TREXLER, J., July 2, 1924:

In 1892, the City of McKeesport established by ordinance a grade on Ash Street. In 1914 the city graded the street. The plaintiffs asked damages equivalent to the difference in value before the improvement was made and immediately after. The position of the city is that since the building upon the property did not conform to the grade established in 1892, they cannot recover damages by reason of the change from the actual grade of their house and that established by the proceedings of 1914. This would be true if it appeared that the house was built since 1892, for it has been held repeatedly that "where a grading is once established if an owner builds without regard to the grade lines, he cannot recover for injury to his lines when the grade is done": Devlin v. Philadelphia, 206 Pa. 518. But it is useless for the city to say that the owner of the house did not conform to the grade of 1892 when we have no proof that the house was built subsequent to that date. Counsel for the city takes the position that this is part of plaintiff's case but we do not share his view. The plaintiffs having shown ownership at the time the grading was done, and having proved their injury and that the improvement was made by the proper authorities of the city did all that was required of them. The fact that the owner did not conform to a certain grade when the house was built is a matter of defense. It was part of the city's case to offer the ordinance of 1892. "Its existence must be proven like any other fact": Lawrence McFadden Co.

v. Philadelphia, 59 Pa. Superior Ct. 44. It was equally the city's part to prove that at the time the ordinance was passed, the property had not been improved; that the building was built after the passage of that ordinance and subject to the grade established in it.

There are but three assignments of error. The first that the court erred in refusing to charge the jury, "Unless the building damaged conformed with the grade established in 1892 verdict must be for the defendant." As we have pointed out there was no proof when the building was built, and therefore, the court could not have affirmed that point. The second is that there was error in refusing to grant defendant's motion for a new trial. There is nothing before us that would warrant us to sustain this assignment. No abuse of judicial discretion appears. The third is that the court erred in refusing the defendant motion for judgment non obstante veredicto. As there was no motion for binding instructions, this point cannot be pressed.

All the assignments of error are overruled and the judgment is affirmed.