Argued March 20, 1928.
Appellant's property fronted 200 feet on Mahoning Avenue in the City of New Castle, Pa. It was all at a grade level with the street. The city, with other municipalities and public service companies, erected a viaduct or bridge over the Shenango River, and the western approach necessitated a change in the grade of the street in front of appellant's property by the construction of perpendicular, solid concrete retaining walls, wholly within the street line. At one end of the property, the grade was raised 6 1/2 feet, gradually ascending to the other end, where the grade was raised approximately 17 feet. Prior to the change of grade, access was easy to the property from Mahoning Avenue. After the change, access was cut off from that avenue, and the use of the property for manufacturing purposes, or any other purpose, was thus interfered with; it was also injured by shutting off light and air. Appellant's claim was for consequential damages resulting from the change of grade. Before the Public Service Commission, it was awarded $15,000, and in the court below $10,000. From the judgment entered, the owner has appealed, and complains of trial errors.
At the rear of the property, there had been an alley, plotted on the original plan of lots, which had not been opened or used for twenty years or more. The court below, in charging the jury, said that the plaintiff did not own the land in the alley, which fact should be taken into consideration by the jury in valuing the property. The owner of land on both sides of an alley, plotted on a plan of lots which has never been accepted by the municipality nor used by the public as an alley for more than twenty years, owns the land within the lines of the plotted alley to the same extent as he owns title to the adjoining land: Woodward v. City of Pgh., 194 Pa. 193; Scott v. Donora Southern R. Co., 222 Pa. 634; Milford Borough v. Burnett, 288 Pa. 434. While the instruction may have been technical error, the jury *Page 330 
was later told that they must find the market value of plaintiff's entire property as a whole before and after the injury complained of. This statement had the effect of curing the slight harm occasioned by the error, especially as the alley played but little part in the value of the property. The jury, in viewing the premises, took into consideration the property as a whole, and the witnesses who testified as to value testified on that basis. When the case was argued in the court below, appellant withdrew this complaint against the charge in withdrawing his motion for a new trial. The court below, because, as was stated, the complaint was abandoned, did not consider it.
Some comment is made that the building, which was erected on this alley, had been placed there after the change of grade was adopted, but this would not affect appellant's right to recover damages, unless the building was erected in the face of a change of grade in immediate prospect. While the general rule has been stated that a municipality is not liable for injuries caused to a building erected after the establishment of a change of grade, such rule is limited to cases where a mutual right exists in the property owner to demand compensation, according to the rule announced in Whitaker v. Phœnixville Boro., 141 Pa. 327, — that is, the time of the actual happening of the injury or the doing of some unequivocal act is the time the law fixes for securing damages to property. This is the rule, though a statute may forbid, in certain cities, encroachment on a strip of land plotted as a city street. But where a change follows its adoption immediately, then the property owner may not multiply his damages by erecting a building when he knows a change in the city street is to take place at once. If there is no definite time fixed for the change, a property owner is not bound to wait, nor is he prohibited from building on his land merely because the city contemplates such action or even puts the change on the city plan. To so hold would *Page 331 
deny to the property owner his constitutional right to enjoy his property. Here the change did not take place until a year or more after it was finally ordered by the Public Service Commission.
There is complaint made as to the admission in evidence of the testimony of the assessor. This witness made no effort to fix value, but merely testified, without naming any amount, as to the relative value of the property before and after the viaduct was constructed. The admission of such evidence is largely within the discretion of the trial judge. Its effect and the credibility of the witness was for the jury. This witness showed sufficient general knowledge to entitle him to testify, and one may testify in a land damage case that the owner has or has not suffered injury without fixing the amount, if such evidence is in corroboration of other evidence definitely asserting values: Wanamaker v. Philadelphia, 249 Pa. 492.
Appellant argues with much force that witness Morehead should have been permitted to testify as an expert. He was an insurance agent and placed a value on this property at various times in the past for the purpose of insurance only, not having in view a proceeding like the one in question. The value which a property must take in condemnation proceedings is the market value as a whole, for the purpose for which used or for what use it may be susceptible, while insurance value looks toward what might be termed a reproduction cost of the buildings thereon, what it would take to rebuild the structures in case of fire; at least, that is the theory on which most insurance is written. Market value includes ground value, while insurance does not. This witness clearly disqualified himself when he admitted that he valued for insurance purposes, and part of his knowledge was secured from appellant's officers.
In estimating damages, the owner proceeded on the theory of the market value of the plant as a whole as a manufacturing establishment before and after the construction. *Page 332 
Appellant then offered, through this witness, evidence as to the value of parts of the property or some of its elements, filling in later the other features of value by other witnesses. This, it is stated, was because of the nature of the property and the injury. This could not be done. We have so held in McSorley v. Avalon Borough School District, 291 Pa. 252, and appellant's position in this respect is not sustained by First Presbyterian Church v. Pgh., 223 Pa. 165, 166, or Hoffman v. Berwind-White Coal Mining Co., 265 Pa. 476, 481. Morehead's estimate as to value included figures furnished him by the owner at the time he went to appraise it for insurance purposes, and any estimate he would give would include these figures. The court below was not guilty of an abuse of discretion in refusing to admit such evidence. Market value is not a question of science or skill, upon which experts alone may give an opinion, but a witness who has personal knowledge of the value of the property, its location, buildings, uses, environment and sales of other land, is competent to testify: Hoffman v. Berwind-White Coal Mining Co., supra; Hill v. Oakmont Borough, 47 Pa. Super. 261. Merely because the business is a manufactory does not require those only who have a knowledge of this business to testify: Lewis v. The Springfield Water Co., 176 Pa. 237. Anyone who knows of the general value of the property for the use to which it is put is competent: Mengell's Executors v. Mohnsville Water Co., 224 Pa. 120,124.
We have considered all the assignments of error to which the statement of the question involved relates, and we think the court has not committed reversible error.
Judgment of the court below on appeal to No. 78 is affirmed. *Page 333