Mullen et al. *v.* Altoona, Appellant.

Argued March 22, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas C. Hare,* with him *William B. Manley,* for appellant.—If the grade of a city highway is established by ordinance, and, many years thereafter, the owner of abutting land constructs improvements thereon, without conforming to the established grade, he cannot recover damages based on inconvenience of access caused by making the grade of the highway, immediately adjoining the improvements, conform to the established grade: Devlin v. Phila., 206 Pa. 518; Groff v. Phila., 150 Pa. 594; Kline v. McKeesport, 83 Pa. Superior Ct., 359.

The charge of the trial court was inadequate in that the general effect of the charge was to limit the inquiry of the jury as to whether there was a change of grade of the highway in 1924, instead of directing the jury to inquire whether any change made in 1924 effected a substantial compliance with the grade as established in 1905, and if it did effect such compliance with the established grade, it would not constitute a change of grade, and the city would not be liable: Peirson v. Duncan, 162 Pa. 187.

*R. J. Puderbaugh,* for appellees.—When the actual and established grade of a city highway have conformed for a number of years, and the owner of abutting land constructs improvements thereon, conforming to the actual grade, he may recover damages caused by a change of grade: Fluke v. Lang, 283 Pa. 54, 59; Fuller v. Coal Co., 268 Pa. 328; Sheer v. Melville, 279 Pa. 401; Pfeffer

v. Johnstown, 287 Pa. 370, 373; Scalet v. Telephone Co., 291 Pa. 451.

OPINION BY MR. JUSTICE KEPHART, May 10, 1932:

The case before us involves a change of grade in the street adjoining appellees's property. The City of Altoona appealed from the award of damages.

It is admitted by all parties that by an ordinance of 1905 the city established the grade for 18th Street abutting this property; that thereafter in 1908 the city paved the street with brick supported by a concrete base, and set the curb, and this curb was set in conformity with the grade established by the ordinance; that from 1908 to 1924 the established grade and the physical grade conformed. There seems to be no dispute on this point. The dispute arises over the effect of certain changes made in widening the street in 1924, and whether plaintiffs' building conformed to the grade fixed by the ordinance of 1905, in fact established on the ground in 1908 when the paving took place and claimed by the city to have been the same after 1924. With respect to these, the defendant's engineer testified that, though the city reset the curb four feet nearer the property in question, there was no variation from the grade as established by the paving and curbing in 1908 under the ordinance of 1905; that the work in 1924 did not effect any change in grade on 18th Street immediately in front of plaintiffs' property; that the present gutter at the 10th Avenue end of the premises was from three-quarters to one and three-quarters inches higher than the gutter immediately before the 1924 improvement was made, and lower by an average of two inches at the other end. That a comparison of the gutter line of 1912 and that of 1924 after the work was completed showed the same variations. He testified that "the curbline......[was] set back corresponding to the original curbline," and that the curbline was of the same elevation as before, and also that there was no cut in the cartway below

the grade at that point; that is, as to the then existing physical grade both points were slightly below the established grade at the 10th Avenue end. Speaking of the work in 1924 in answer to the question "Was the grade changed on 18th Street?" he stated, "The grade was not changed." From this it will be seen that the position of the defendant during the entire trial was that there was no change in the grade of the street in front of the appellees' property, and that the established grade after 1924 conformed to the physical grade of the street as it existed since 1908 when the paving was laid, curb set and grade established according to the ordinance—and there was therefore no damages to appellees' property.

The plaintiffs' evidence was in direct opposition to this. Their photographs and all their evidence show that there was a substantial change of grade affecting the property; that the sidewalk was narrowed from 10 feet to 6 feet, and the curb reset and lowered; that prior to the changes the gutter line in front of their property was higher than the center of the street so that the water from snow and rains would flow toward the center of the street and along the street car tracks into a culvert below, and that after the improvement of 1924 the gutter was so lowered that the water would run toward their property, and thence into drains where it would be carried away; that to make this change in the flow of surface water it was absolutely necessary to lower the established grade of the street to such an extent that they were practically denied the use of the front of the property; that access to the front might be gotten only under great difficulty; that it had been necessary to construct driveways from the rear, almost all of the use of the building now being made by the newly constructed rear entrances. The plaintiff testified that the 10-foot sidewalk was practically level before the change and now slopes rapidly to the curb; the defendant's testimony would seem to indicate that it sloped from 8 to 10 inches upward before the work, and is now level. The plaintiff

testified that there were cuts ranging from 18 inches to 30 inches in front of his building. The defendant flat-footedly denies this testimony.

The evidence of the engineer, so much relied upon by the defendants, was all oral testimony. He was not the engineer when the prior changes were made and knew nothing except what is supposed to have come from some records in the city office. Of course, properly authorized official records would import verity but they should be brought into court and properly authenticated. Furthermore, this engineer stated that he had not examined the property before the changes were made, that he had no personal knowledge of nor did he testify as to any elevations or measurements made by him before the work began with relation to this property, but he simply testified there was no change in the grades in 1924 except in immaterial particulars. All such oral evidence was for the jury to determine (Pfeffer v. Johnstown, 287 Pa. 370, 375), and for this reason binding instructions could not have been given.

Then too, plaintiffs' evidence shows that they had secured the services of engineers in the city's employ to fix their lines and grades. It also shows that the physical grade of the street prior to 1924 was the grade established by the ordinance and by the paving and curbing that was done in 1908. It was necessary for plaintiffs to show there really was a change in the established grade of the street made by the construction in 1924. They submitted photographs and testimony which undoubtedly show such change. The jury went on the ground and saw the condition that the property was left in. It was a question of fact for the jury.

The other questions raised involve errors in the charge of the court. The particular complaint appellant urges is the adequacy of the charge with respect to whether or not the buildings had been constructed in accordance with the established grade, and the city's liability for damages if they were not. The court, in its charge, said:

"Now the defendant contends that there was no change of grades, and, therefore, there is no right on the part of the plaintiffs to recover. It is argued on the part of the attorney for the defense that the plaintiffs failed to observe the original city lines as adopted in 1905 in the construction of the buildings and that that is where the trouble begins and ends and, therefore, there should be no recovery. It is contended that the building was as accessible after the improvement as before, so far as the change of grade was concerned; that the engineer said there was no change of grade, and that his knowledge is based on accurate records and is dependable and should govern you in your findings." Defendant submitted this point to cover its position: "The court is asked to charge the jury that since all of the buildings on the ground, abutting on Eighteenth Street, were erected since the grade of Eighteenth Street was regularly established in 1905, unless the buildings claimed to be damaged conformed with the established grade, the verdict must be for the defendant." This point was affirmed. The above portion of the charge and the point affirmed state defendant's position exactly. Immediately after the affirmance of this point, after requesting some slight corrections in the charge, counsel stated that "if the improvements in 1924 were in conformity with the grade established in 1905 and the buildings were built after the adjustment of the grade in 1905 and there was any impairment by virtue of the grade, then there can be no recovery."

This statement of counsel involved almost exactly the same proposition as stated in his point above, except that it omitted a very important fact to be found by the jury, that the buildings as constructed were above the established grade of 1905. There may have been an impairment if the buildings conformed to the established grade; indeed the changes consequent on the narrowing of the sidewalk caused some of the damage; and there was proof that they did so conform. The court below,

however, said in answer to this observation: "I think we covered that. There is some testimony that they went to the city engineer's office and received some information as to lines but as I recall our charge we called attention to the fact that if there was no actual change of grade, if the street which existed there before this improvement in 1924 existed there after the improvement—if it didn't indicate any departure from the grade established in 1924, then of course there could be no recovery." This merely added to what had been previously stated; moreover it was the defendant's theory of the case throughout the entire proceedings, and indeed it was more favorable to defendant than any theory of the case warranted.

Appellant cites cases to the effect that where a grade is once established, if an owner builds without regard to grade lines, he cannot recover for injury to his property, when the grade is done: Devlin v. Phila., 206 Pa. 518; Groff v. Phila., 150 Pa. 594; Elwood Lumber Co. v. Pittsburgh, 269 Pa. 94; Kline v. McKeesport, 83 Pa. Superior Ct. 359. The rule is that where it definitely appears plaintiffs have built their property without regard to the established grade, and the city thereafter has made the actual and the established grade conform, the above cases apply and judgment n. o. v. should have been entered. But in this case, the dispute was whether the city in 1924 lowered the street below the established grade to plaintiffs' damage. Plaintiffs proved that they had built in conformity with the physical and established grade, and in 1924 the city substantially lowered the grade in front of the premises. The verdict of the jury, reached under proper instructions, establishes these facts, and the cases referred to have no bearing on this case. The other assignments relate generally to the questions discussed.

Judgment of the court below is affirmed.