Costello et al. *v.* City of Scranton, Appellant.

Argued March 8, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*A. A. Vosburg,* and with him *A. S. Rosenberg,* for appellant.

*Edward J. Kelly,* and with him *O. B. Patridge, John P. Kelly, Clarence Balentine* and *W. J. Fitzgerald,* for appellees.

Opinion by Trexler, P. J., April 17, 1933:

In 1889 the council of the City of Scranton passed an ordinance establishing the grades on certain streets including Vine Street. In 1924 an ordinance authorized the grading, paving and curbing of Vine Street, and the improvement was completed July 26, 1924. About three years after the passage of this ordinance fixing the grade, the owner, being the husband and father respectively of the plaintiffs, erected a house on the property without regard to the established grade. After the actual grading took place, the plaintiffs on

March 30, 1926 petitioned for viewers to fix their damages for the change of grade and the case at length came into the court below for a trial by jury. The city contended that the plaintiffs could not recover damages by reason of interference with the access to the house which had been built upon the lot for the reason that it was erected after the grade had been established, and that the actual grading was in conformity to that established before the building was erected. The court took the contrary view.

There seems to be no doubt that there is no cause of action following from the mere establishment of the grade. No damages are recoverable until the actual work of grading is begun. As this is admitted by both sides we cite no cases in support of the statement.

It has also been repeatedly ruled that where a grade is once established if the owner builds without regard to the grade lines, he cannot recover for injury to his property when the actual grading is done: Devlin v. Phila., 206 Pa. 518, 56 A. 21; Groff v. Phila., 150 Pa. 594, 24 A. 1048; Kline v. McKeesport, 83 Pa. Superior Ct. 358; Righter v. Phila., 161 Pa. 73, 77, 28 A. 1015. Some pertinent comments on the necessity of establishing grades in advance of the actual grading are found in Kuhl v. Phila., 15 D. & C. Reports 617.

The situation is very analogous to that where a street is projected, but not actually opened, the laying out being in anticipation of the future increase of population. As far back as the case of the District of the City of Pittsburgh, 2 W. & S. 320, 322, the constitutionality of an act giving the City of Pittsburgh, the right to lay off a district or county adjoining it and to direct a survey and location of the streets in anticipation of the future increase of its population was sustained and reference was made to the case of Furman Street in the City of Brooklyn, 17 Wend. 649

by the following quotation: "The court even went so far in the case as to hold that the owners of buildings in Brooklyn, erected on the site of the streets, as designated on the map of the village, were not entitled to a compensation for the destruction of such buildings, by the opening of the streets, although the order for opening the same was not made until 17 years after the approval and adoption of the map." In Forbes Street, 70 Pa. 125, which also arose in the laying out of a city district, it was held that "if buildings were erected on ground to be taken for streets of the first class, previously to the plan and survey, then they were to be paid for as well as the ground taken when the streets were opened, but if built after the survey and plan, ...... it is clear such buildings were not to be paid for, for otherwise the map or plan would be entirely nugatory." An act of assembly which provides that no damages shall be recovered for buildings constructed within the lines of located streets does not violate Article 16, Section 8 of the Constitution. The act is merely declaratory of the common law. Forbes Street, supra; Bush v. McKeesport City, 166 Pa. 57, 30 A. 1023. The cases above cited seem to furnish abundant authority to sustain the proposition that improvements made, by the owner, after the fixing of the grade or plotting of streets, are not compensable.

The lower court, however, declined to apply the rule by reason of the fact that in the case of Westmoreland C. & C. Co. v. P. S. C., 293 Pa. 326, 330, 142 A. 867, the Supreme Court seemed to limit the rule to such cases where the actual change *immediately* follows the adoption of the grade or plan. How far this statement was necessary to the decision of that case we cannot ascertain from the printed volume, but as in the very recent case of Mullen v. Altoona, 308 Pa. 258, 264, 162 A. 218; the principle is reiterated that where a grade is once established, an owner builds

without regard to the grade lines, he cannot recover for injury to his property when the grading is done, we deem it expedient to follow the cases we have cited above in support of the rule. See Scattergood v. Com.'s of Lower Merion Twp., 311 Pa. 490. Although the plaintiffs can recover no damages for the change of grade so far as it affected the building thereon erected after the grade was fixed, they might, (Groff v. Phila., supra) if the facts warrant, obtain compensation if the change affected the market value of the property as a bare lot. For this reason we reverse with a venire.

Judgment is reversed with a venire.